**Ben Miller, OSB #074690**
**BMiller@eugene-or.gov**
Eugene City Attorney's Office
101 W. 10th Avenue, Suite 203
Eugene, OR 97401
Telephone:  (541) 682-8447
Facsimile:   (541) 682-5414

Of Attorneys for Defendants
Samuel Tykol and City of Eugene

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **OFELIA HERNANDEZ SANTIAGO,** Personal Representative of the Estate of Eliborio Rodrigues Jr., <br><br> Plaintiff, <br><br> v. <br><br> **SAMUEL TYKOL, JOHN DOE SUPERVISORS 1-3, CITY OF EUGENE,** a municipal subdivision of the State of Oregon, <br><br> Defendants. | Case No: 6:21-cv-01715-MK <br><br> **DEFENDANTS SAMUEL TYKOL AND CITY OF EUGENE'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

For their Answer to plaintiff's Complaint, Defendants Samuel Tykol and City of Eugene (collectively "defendants") state as follows:

1.

In response to paragraph 1, defendants admit that plaintiff brings this action under 42 U.S.C. § 1983 and ORS 30.265 based on events that occurred on November 30, 2019; and admit that plaintiff makes allegations about unreasonable use of deadly force in violation of the Fourth Amendment to the United States Constitution and about the state law torts of negligence and wrongful death. Defendants otherwise deny paragraph 1.

PAGE 1 - DEFENDANTS SAMUEL TYKOL AND CITY OF EUGENE'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

2.

Defendants admit paragraph 2.

3.

In response to paragraph 3, defendants admit that venue is proper under 28 U.S.C. § 1391(b) in that one or more of the defendants reside in the District of Oregon and that a substantial part of the alleged events or omissions giving rise to the claims occurred in the District of Oregon but deny the events occurred as plaintiff alleges. Defendants deny that plaintiff's claims have merit.

4.

Defendants admit paragraph 4.

5.

In response to paragraph 5, defendants admit that plaintiff has plead an entitlement to attorney fees under 42 U.S.C. § 1988 for plaintiff's claims under 42 U.S.C. § 1983, but deny that plaintiff will be a prevailing party and, therefore, entitled to any attorney fees.

6.

Defendants admit paragraph 6.

7.

Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 7 and, therefore, deny them.

8.

In response to paragraph 8, defendants, admit that on November 30, 2019, Samuel Tykol was employed by the City of Eugene Police Department as a law enforcement officer and that his actions undertaken with respect to Mr. Rodrigues were undertaken within the course and scope of his employment by the City of Eugene. Defendants admit he is sued in his individual capacity. The remainder of paragraph 8 consists of legal conclusions to which no response is required. To the extent a response is required defendants deny them.

/ / /

PAGE 2 - DEFENDANTS SAMUEL TYKOL AND CITY OF EUGENE'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

9.

Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 9 and, therefore, deny them.

10.

In response to paragraph 10, defendants admit that the City of Eugene is a municipality, incorporated under the laws of the State of Oregon, that it may be sued under 42 U.S.C. § 1983 under present caselaw. The remainder of paragraph 10 consists of legal conclusions to which no response is required. To the extent a response is required defendants deny them.

11.

Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 11 and, therefore, deny them.

12.

Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 12 and, therefore, deny them.

13.

Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 13 and, therefore, deny them.

14.

Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 14 and, therefore, deny them.

15.

In response to paragraph 15, defendants admit that Mr. Rodrigues was shot and killed by Officer Tykol on November 30, 2019, that Officer Tykol has been a police officer since 2016, that Officer Tykol has only worked as a law enforcement officer for the City of Eugene, and that he has a master's degree. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation as to the timing of the firing of a University of Oregon officer in paragraph 15 and, therefore, deny those allegations. Defendants otherwise deny paragraph 15.

16.

In response to paragraph 16, defendants admit that Officer Tykol first observed Mr. Rodrigues walking in the street on Acacia Avenue, Eugene, Oregon, at approximately 12:32 a.m. Defendants admit that Mr. Rodrigues was carrying a white plastic bag. Defendants admit that there is body-worn camera video of the initial contact between Officer Tykol and Mr. Rodrigues, and that there is no in-car video. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 and, therefore, deny those allegations.

17.

In response to paragraph 17, defendants admit that Officer Tykol stopped Mr. Rodrigues because he observed a pedestrian violation (EC 4.830 and ORS 814.070), that Mr. Rodrigues was wearing a dark hoodie and mask, that Mr. Rodrigues was carrying a white plastic bag with unknown contents, that it was a cold evening approximately 20 degrees Fahrenheit, and that the body-worn camera footage stopped shortly after the camera became dislodged from Officer Tykol by Mr. Rodrigues. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17 and, therefore, deny those allegations.

18.

In response to paragraph 18, defendants admit that there is body-worn camera footage of the initial interaction between Officer Tykol and Mr. Rodrigues and to the extent paragraph 18 accurately and contextually describes that footage, defendants admit that is what occurred. Defendants otherwise deny paragraph 18 as written.

19.

In response to paragraph 19, defendants admit that there is body-worn camera footage of the initial interaction between Officer Tykol and Mr. Rodrigues and to the extent paragraph 19 accurately and contextually describes that footage, defendants admit that is what occurred. Defendants otherwise deny paragraph 19 as written.

/ / /

20.

In response to paragraph 20, defendants admit that there is body-worn camera footage of the initial interaction between Officer Tykol and Mr. Rodrigues and to the extent paragraph 20 accurately and contextually describes that footage, defendants admit that is what occurred. Defendants otherwise deny paragraph 20 as written.

21.

In response to paragraph 21, defendants admit that there is body-worn camera footage of the initial interaction between Officer Tykol and Mr. Rodrigues and to the extent paragraph 21 accurately and contextually describes that footage, defendants admit that is what occurred. Defendants otherwise deny paragraph 21 as written.

22.

In response to paragraph 22, defendants admit that there is body-worn camera footage of the initial interaction between Officer Tykol and Mr. Rodrigues and to the extent paragraph 22 accurately and contextually describes that footage, defendants admit that is what occurred. Defendants otherwise deny paragraph 22 as written.

23.

In response to paragraph 23, defendants admit that there is body-worn camera footage of the initial interaction between Officer Tykol and Mr. Rodrigues and to the extent paragraph 23 accurately and contextually describes that footage, defendants admit that is what occurred. Defendants otherwise deny paragraph 23 as written.

24.

In response to paragraph 24, defendants admit that there is body-worn camera footage of the initial interaction between Officer Tykol and Mr. Rodrigues and to the extent paragraph 24 accurately and contextually describes that footage, defendants admit that is what occurred. Defendants otherwise deny paragraph 24 as written and specifically deny that Officer Tykol utilized CS gas.

/ / /

25.

In response to paragraph 25, defendants admit that there is body-worn camera footage of the initial interaction between Officer Tykol and Mr. Rodrigues and to the extent paragraph 25 accurately and contextually describes that footage, defendants admit that is what occurred. Defendants otherwise deny paragraph 25 as written.

26.

In response to paragraph 26, defendants admit that Officer Tykol's body-worn camera detached from its magnetic mount and turned off. Defendants admit the only person who can contradict Officer Tykol's version of events after the camera turned off is now deceased. Defendants otherwise deny paragraph 26 as written.

27.

Defendants deny paragraph 27.

28.

In response to paragraph 28, defendants admit that Officer Tykol radioed at some point that he was "fighting with one." Defendants admit that Mr. Rodrigues did escape Officer Tykol's control at one or more occasions and that Mr. Rodrigues attempted to flee. Defendants otherwise deny paragraph 28 as written.

29.

In response to paragraph 29, defendants admit that Officer Tykol and Mr. Rodrigues fought, and that account is supported by physical evidence. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 29 and, therefore, deny those allegations.

30.

In response to paragraph 30, defendants admit that at one point Mr. Rodrigues was able to gain a physical advantage and get on top of Officer Tykol, that Officer Tykol at one point was able to access and deploy his taser in dart mode, that Mr. Rodrigues directed the taser against Officer Tykol. Defendants otherwise deny paragraph 30.

31.

In response to paragraph 31, defendants admit Officer Tykol was eventually able to access his department issued handgun and fired three times into Mr. Rodrigues' abdomen. Defendants admit Officer Tykol thereafter broadcast over the radio "Shots fired." Defendants admit there are no other known witnesses to the events after the body-worn camera turned off. Defendants otherwise deny paragraph 31.

32.

In response to paragraph 32, defendants admit that an Interagency Deadly Force Review Team was activated following the shooting and responded to the scene. Defendants admit that the Eugene Police Auditor also responded to the scene. Defendants admit that on or about December 13, 2019, the Lane County District Attorney determined that Officer Tykol's use of deadly force was justified under Oregon law. Defendants admit that on or about January 7, 2020, the Eugene Police Department assigned personnel to a Use of Force Review Board and that the Use of Force Review Board met on March 5, 2020, and issued findings and recommendations on March 6, 2020. Defendants admit that the Eugene Police Auditor recommended in a separate report that the Eugene Police Chief determine Officer Tykol had violated Policies 402, 800, 820 and 458, as described in his memo. Defendants admit that the Eugene Police Auditor recommended that all other reviewed policies, including the use of deadly force, be adjudicated as within policy. Defendants otherwise deny paragraph 32.

33.

In response to paragraph 33, defendants admit that the Eugene Police Department has formal policies and procedures applicable to a variety of law enforcement scenarios, but deny they pertain to liability in this action. Defendants admit that plaintiff quotes from selected portions of selected policies, which speak for themselves. To the extent plaintiff accurately and completely quotes the policy, defendants admit that is what it says. Defendants otherwise deny paragraph 33.

/ / /

34.

In response to paragraph 34, defendants admit that a Use of Force Review Board recommended, and the Eugene Police Chief concurred, that Officer Tykol's actions were within policy for the selected policies reviewed. Defendants admit that the Eugene Police Auditor recommended in a separate report that the Chief determine Officer Tykol had violated Policies 402, 800, 820 and 458, as described in his memo. Defendants admit that the Eugene Police Auditor recommended that all other reviewed policies, including the use of deadly force, be adjudicated as within policy. Defendants otherwise deny paragraph 34.

35.

In response to paragraph 35, defendants admit that Eugene has a Civilian Review Board which performs those duties and tasks as assigned by the City Charter and City Code, which include the review of selected completed investigations and adjudications of complaints filed against sworn Eugene police officers. Defendants admit that the Civilian Review Board reviewed Officer Tykol's interaction with Mr. Rodrigues. In that review the Eugene Civilian Review Board had access to all materials in the Use of Force Review Board's files, including the recommended adjudications by the Eugene Police Auditor. Defendants otherwise deny paragraph 35 as written.

36.

In response to paragraph 36, defendants admit that the Eugene Civilian Review Board conducted a case review regarding Officer Tykol's interaction with Mr. Rodrigues on or about June 8, 2021. That meeting was recorded and posted on a publicly accessible website. The remainder of paragraph 36 consists of plaintiff's characterization of statements at the meeting from one or more members and attributing those statements to the entirety of the Civilian Review Board. To the extent they differ from the video record of the meeting they are denied.

37.

Paragraph 37 consists of plaintiff's characterization of statements at the case review from one or more members and attributing those statements to the entirety of the Civilian Review

PAGE 8 - DEFENDANTS SAMUEL TYKOL AND CITY OF EUGENE'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Board. To the extent they differ from the video record of the meeting they are denied.

38.

Paragraph 38 consists of plaintiff's characterization of statements at the case review from one or more members and attributing those statements to the entirety of the Civilian Review Board. To the extent they differ from the video record of the meeting they are denied.

39.

Paragraph 39 consists of plaintiff's characterization of statements at the case review from one or more members and attributing those statements to the entirety of the Civilian Review Board. To the extent they differ from the video record of the meeting they are denied.

40.

Paragraph 40 consists of plaintiff's characterization of statements at the case review from the Eugene Police Auditor. To the extent they differ from the video record of the meeting they are denied.

41.

In response to paragraph 41, defendants incorporate their responses to paragraphs 1 through 40 above.

42.

Paragraph 42 consists of legal conclusions to which no response is required. To the extent any response is required, defendants admit that all citizens are entitled to the rights, protections and limitations of the United States Constitution, including the Fourth Amendment, along with the rights, protections and limitations imposed by other sources of law. Defendants otherwise deny paragraph 42.

43.

Paragraph 43 consists of legal conclusions to which no response is required. To the extent any response is required, defendants admit that all citizens are entitled to the rights, protections and limitations of the Fourth Amendment to the United States Constitution, but that the application of those rights, protections and limitations (along with other sources of law) is fact

and context specific but can include some of the descriptions provided by plaintiff. Defendants otherwise deny paragraph 43 as written.

44.

In response to paragraph 44, defendants admit Officer Tykol approached Mr. Rodrigues because he observed a pedestrian violation (EC 4.830 and ORS 814.070). Defendants admit that at that point in time, Officer Tykol had not seen Mr. Rodrigues commit any crimes, brandish any weapons, trespass on private property, or generally commit any felony or serious misdemeanor. Defendants otherwise deny paragraph 44 as written.

45.

In response to paragraph 45, defendants admit that there is body-worn camera footage of the initial interaction between Officer Tykol and Mr. Rodrigues and to the extent paragraph 45 accurately and contextually describes that footage, defendants admit that is what occurred. Specifically, defendants admit that at one-point Officer Tykol touched Mr. Rodrigues' right arm, that Mr. Rodrigues had turned away and had his hand near his waistband and had not been searched for weapons. Defendants otherwise deny paragraph 45 as written.

46.

Defendants deny paragraph 46.

47.

In response to paragraph 47, defendants admit that there is body-worn camera footage of the initial interaction between Officer Tykol and Mr. Rodrigues and to the extent paragraph 47 accurately and contextually describes that footage, defendants admit that is what occurred. Defendants otherwise deny paragraph 47 as written.

48.

Defendants deny paragraph 48.

49.

In response to paragraph 49, defendants repeat their previous responses to paragraphs 1 through 48.

50.

Paragraph 50 consists of legal conclusions to which no response is required. To the extent any response is required, defendants admit that all citizens are entitled to the rights, protections and limitations of the Fourth Amendment to the United States Constitution, including a right to be free from unreasonable search, seizure and force as those terms are defined by other sources of law. Defendants otherwise deny paragraph 50 as written.

51.

Defendants deny paragraph 51.

52.

Defendants deny paragraph 52.

53.

Defendants deny paragraph 53.

54.

Defendants deny paragraph 54 as written.

55.

In response to paragraph 55, defendants repeat their previous responses to paragraphs 1 through 54.

56.

Paragraph 56 consists of legal conclusions to which no response is required. To the extent any response is required, defendants admit that all citizens are entitled to the rights, protections and limitations of the Fourth Amendment to the United States Constitution, including a right to be free from unreasonable seizure as that term is defined by other sources of law. Defendants otherwise deny paragraph 56 as written.

57.

Defendants deny paragraph 57.

58.

Defendants deny paragraph 58.

59.

Defendants deny paragraph 59.

60.

Defendants deny paragraph 60.

61.

Defendants deny paragraph 61.

62.

Defendants deny paragraph 62.

63.

Defendants deny paragraph 63.

64.

In response to paragraph 64, defendants repeat their previous responses to paragraphs 1 through 63.

65.

Defendants deny paragraph 65.

66.

Defendants deny paragraph 66.

67.

In response to paragraph 67, defendants repeat their previous responses to paragraphs 1 through 66.

68.

Defendants deny paragraph 68.

69.

Defendants deny paragraph 69.

70.

Defendants deny paragraph 70.

/ / /

71.

In response to paragraph 71, defendants repeat their previous responses to paragraphs 1 through 70.

72.

Defendants deny paragraph 72 as written.

73.

Defendants deny paragraph 73.

74.

Defendants deny paragraph 74.

75.

Defendants deny paragraph 75.

76.

In response to paragraph 76, defendants admit that on or about April 23, 2020, the City of Eugene received a letter dated April 16, 2020, on behalf of the estate of Eliborio Rodrigues, the content of which speaks for itself. The remainder of paragraph 76 consists of legal conclusions to which no response is required but to the extent one is defendants deny the remainder of paragraph 76.

77.

Except as expressly admitted above, defendants deny each and every allegation of plaintiff's Complaint.

## FIRST AFFIRMATIVE DEFENSE

### (Qualified Immunity)

78.

Officer Tykol is entitled to qualified immunity.

/ / /

/ / /

/ / /

## SECOND AFFIRMATIVE DEFENSE

### (Legal Justification)

79.

The actions of defendants toward plaintiff were legally justified and lawful.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

80.

Plaintiff's claim for relief fails to state a claim upon which relief can be granted in one or more ways.

## FOURTH AFFIRMATIVE DEFENSE

### (Probable Cause)

81.

There was probable cause to stop plaintiff and subsequently to arrest him.

## FIFTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

82.

Plaintiff's state law claims are barred in whole or part by Mr. Rodrigues' own fault, including but not limited to:

(1)     Being uncooperative and acting unreasonably under the circumstances;

(2)     Failing to obey lawful orders from a public safety officer;

(3)     Resisting arrest in violation of ORS 162.315;

(4)     Engaging in fighting, violent, tumultuous and threatening behavior in violation of ORS 166.025;

(5)     If he did so, failing to take any prescribed medications;

(6)     If he did so, taking any controlled substances that were not prescribed;

(7)     Assaulting Officer Tykol; and

(8)     Such other information as discovery may reveal.

## SIXTH AFFIRMATIVE DEFENSE

### (Oregon Tort Claims Act)

83.

Plaintiffs' state law claims are subject to the terms, conditions, defenses and limitations of liability set forth in the Oregon Tort Claims Act.

## SEVENTH AFFIRMATIVE DEFENSE

### (Punitive Damages – Due Process)

84.

Plaintiff's claims for punitive damages are subject to the limitation of the Due Process Clause of the Fourteenth Amendment.

## EIGHTH AFFIRMATIVE DEFENSE

### (Immunity from Punitive Damages)

85.

The City is immune from liability for punitive damages.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

86.

If plaintiff has failed to mitigate damages, if any, they should be reduced or barred accordingly.

## TENTH AFFIRMATIVE DEFENSE

### (Insufficient Service)

87.

There has been insufficient service of summons upon Officer Tykol.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Personal Jurisdiction)

88.

The court lacks personal jurisdiction over Officer Tykol.

## TWELFTH AFFIRMTIVE DEFENSE

## (Immunity – ORS 31.180)

89.

Defendants may be immune from liability under ORS 31.180.

## DEMAND FOR JURY TRIAL

90.

Defendants request a jury trial.

WHEREFORE, defendants pray for a judgment in their favor on all claims asserted against them in plaintiff's Complaint and an award of defendants' reasonable fees and costs.

DATED this 18th day of March, 2022.

### CITY OF EUGENE

By: ___s/ Ben Miller_____
       Ben Miller, OSB #074690
       BMiller@eugene-or.gov
       Telephone:(541) 682-8447
       Facsimile:  (541) 682-5414

       Of Attorneys for Defendants
       Samuel Tykol and City of Eugene

## CERTIFICATE OF SERVICE

I certify that on this 18th day of March, 2022, I served or caused to be served a true and complete copy of the foregoing **DEFENDANTS SAMUEL TYKOL AND CITY OF EUGENE'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** on the party or parties listed below as follows:

|  |  |
|---|---|
| __X__ | Via CM / ECF Filing |
| _____ | Via First Class Mail, Postage Prepaid |
| _____ | Via Email |
| _____ | Via Personal Delivery |

Michelle R. Burrows            Anthony Rosta
16869 SW 65th Ave #367      795 W 7th Ave
Lake Oswego, OR 97035       Eugene, OR 97402

Attorney for Plaintiff              Attorney for Plaintiff

### CITY OF EUGENE

By: ___s/ Ben Miller_____
    Ben Miller, OSB #074690
    BMiller@eugene-or.gov
    Telephone:(541) 682-8447
    Facsimile:  (541) 682-5414

    Of Attorneys for Defendants
    Samuel Tykol and City of Eugene

CERTIFICATE OF SERVICE