EXHIBIT 8
Page 1 of 7

| POLICY 800 | Eugene Police Department | |
|---|---|---|
| EFFECTIVE DATE 10-15-14 | | |



---

Policy 800 – Use of Force was amended by CD17-035 to include language prohibiting the use of warning shots.  The language was added in section 800.4.2.d, and is highlighted in yellow.

Amended by CD18-011, section 800.1.4.h and i were both added to include de-escalation, and armed barricaded subjects.

# Use of Force

## 800.1 PURPOSE AND SCOPE

This policy recognizes that the use of force by law enforcement requires constant evaluation. Even at its lowest level, the use of force is a serious responsibility. The purpose of this policy is to provide officers of this department with guidelines on the reasonable use of force. While there is no way to specify the exact amount or type of reasonable force to be applied in every situation, each officer is expected to use these guidelines to make such decisions in a professional, impartial, and reasonable manner.  This policy is intended to be used in concert with other department policies related to use of force.

### 800.1.1 PHILOSOPHY

The department recognizes and respects the value of all human life and dignity without prejudice to anyone. It is also understood that vesting officers with the authority to use reasonable force and protect the public welfare requires a careful balancing of all human interests.

The use of force by law enforcement personnel is a matter of critical concern both to the public and to the law enforcement community. Officers are involved on a daily basis in numerous and varied human encounters and, when warranted, may be called upon to use force in carrying out their duties.

Officers must have an understanding of, and true appreciation for, the limitations of their authority. This is especially true when officers must overcome resistance while engaged in the performance of their duties.

While it is the ultimate objective of every law enforcement encounter to minimize injury to everyone involved, nothing in this policy requires an officer to sustain physical injury before applying reasonable force.

COE 002098

EXHIBIT 8

Page 2 of 7

**800.1.2      DUTY TO INTERCEDE AGAINST EXCESSIVE FORCE**

Any officer present who observes another officer using force that is clearly beyond that which is objectively reasonable under the circumstances shall, when in a position to do so, intercede to prevent the use of such excessive force. Officers witnessing excessive force will also report these observations to a supervisor immediately.

**800.1.3      DEFINITIONS**

The following definitions apply to this policy and, unless otherwise indicated, to all other department policies related to use of force:

**Objectively Reasonable:** An objective standard viewed from the perspective of a reasonable officer, without the benefit of hindsight, based upon the totality of the circumstances presented to the officer(s) at the time of the incident.

**Totality of Circumstances:** a combination of facts and circumstances that are reasonably believed to be true by a police officer at the time of an incident or action.

**800.1.4      POLICIES RELATED TO USE OF FORCE**
a.      *Policy 803 – Oleoresin Capsicum (OC)*
b.      *Policy 806 – Flexible Restraint Device*
c.      *Policy 807 – Carotid Restraint Hold*
d.      *Policy 808 – Handcuffing, Control Holds, and Impact Weapons*
e.      *Policy 809 – Taser Use*
f.      *Policy 811 – Spit Hoods*
g.      *Policy 813 – Edged Weapons*
h.      *Policy 820 – De-escalation*
i.      *Policy 822 – Armed Barricaded Subjects*

# 800.2      USE OF FORCE BY OFFICERS

It is the policy of this department that officers will use only that force that reasonably appears necessary, given the totality of the circumstances perceived by the officer at the time of the event, to effectively gain control of an incident.  Officers should endeavor to de-escalate confrontations through tactical communication, warnings, and other common sense methods preventing the need to use force whenever reasonably possible.  It is also expected that any use of force is:

a.      Consistent with state and federal laws, and

b.      Consistent with other department policies concerning uses of force, and

c.      Employed in a manner consistent with the officer's department training, unless individual circumstances justify alternate tactics or equipment.

Given that no policy can realistically predict every possible situation an officer might encounter in the field, each officer must be entrusted with the discretion in determining the appropriate use of force in each incident.

**800.2.1      FORCE IN MAKING AN ARREST OR PREVENTING AN ESCAPE**

EXHIBIT 8

Page 3 of 7

Pursuant to *ORS 161.235*, and except as provided in ORS 161.239, a peace officer is justified in using physical force upon another person only when and to the extent that the officer reasonably believes it necessary:

- To make an arrest or to prevent the escape from custody of an arrested person unless the officer knows that the arrest is unlawful; or

- For self-defense, or to defend a third person from what the officer reasonably believes to be the use or imminent use of physical force while making or attempting to make an arrest, or while preventing or attempting to prevent an escape.

## 800.2.2 DETERMINING THE REASONABLENESS OF FORCE

The use of force by an officer must be objectively reasonable. Any interpretation of reasonableness must allow for the fact that police officers are often forced to make split-second decisions in circumstances that are tense, uncertain, and rapidly evolving with regard to the amount of force that is necessary in a particular situation. Facts later discovered, but unknown to the officer at the time, can neither justify nor condemn an officer's decision about the use of force.

When determining whether or not to apply any level of force and evaluating whether an officer has used reasonable force, a number of factors should be taken into consideration. These factors include, but are not limited to:

a. The conduct of the individual being confronted, as reasonably perceived by the officer at the time.

b. Officer versus subject factors such as age, size, relative strength, skill level, injury/exhaustion and number of officers vs. subjects.

c. The influence of drugs and/or alcohol on the subject's physical and mental capacity and their threshold for pain or reason.

d. The subject's proximity to weapons.

e. The degree to which the subject has been effectively restrained and his or her ability to resist despite being restrained.

f. Time and circumstances permitting, the availability of other options (what resources and/or alternatives are reasonably available to the officer under the circumstances).

g. The seriousness of the suspected offense or reason for contact with the individual and the need to apprehend.

h. The training and experience of the officer.

i. Any potential for injury to citizens, officers, and suspects if force is used against the person.

COE 002100

EXHIBIT 8

Page 4 of 7

j.  The risk of escape presented by the subject.

k.  Any other reasonable, exigent circumstance as articulated by the police officer.

It is recognized that circumstances may arise in which officers reasonably believe that it would be impractical or ineffective to use any of the standard tools, weapons, or methods provided by the department. Officers may find it more effective or practical to improvise their response to rapidly unfolding conditions they are confronting. In such circumstances, the use of any improvised device or method must nonetheless be objectively reasonable and used only to the degree reasonably necessary to accomplish a legitimate law enforcement purpose.

## 800.3  NON-DEADLY FORCE APPLICATIONS

Any application of force that is not reasonably anticipated and intended under the circumstances to create a substantial likelihood of death or serious physical injury will be considered non-deadly force. Each officer is provided with equipment, training, and skills to assist in the apprehension and control of suspects as well as protection of officers and the public. Non-deadly force applications may include, but are not limited to, those covered by the following policies: *Policy 803 – Oleoresin Capsicum (OC); Policy 806 – Flexible Restraint Device*; *Policy 807 – Carotid Restraint Hold; Policy 808 – Handcuffing, Control Holds, and Impact Weapons*; *Policy 809 – Taser Use; and Policy 811 – Spit Hoods*.

## 800.4  DEADLY FORCE APPLICATIONS

Deadly physical force is force that under the totality of the circumstances in which it is used is readily capable of causing death or serious injury.

### 800.4.1  PERMISSIBLE USE OF DEADLY FORCE

An officer is justified in using deadly force against another person when and to the extent the officer reasonably believes the deadly force is immediately necessary to:

a.  Protect them or others from what he or she reasonably believes would be an imminent threat of death or serious physical injury.

b.  To arrest or prevent the escape of a suspect when the officer has probable cause to believe that the suspect has committed, or intends to commit, a felony involving the infliction or threatened infliction of serious physical injury or death, and the officer reasonably believes that there is an imminent or potential risk of serious physical injury or death to others if the suspect is not immediately apprehended.

### 800.4.2  ADDITIONAL CONSIDERATIONS

a.  An officer's intent in using deadly force is to incapacitate the subject and render the person incapable of being an immediate threat.

COE 002101

EXHIBIT 8

Page 5 of 7

b. An officer may not use deadly force, even if the above conditions are met, if he or she believes there is an unnecessary risk of death or serious physical injury to innocent persons.

c. This policy is more restrictive than state law as to when deadly force may be used.

d. The use of "Warning shots" is strictly prohibited.

### 800.4.3 ACTIONS FOLLOWING USE OF DEADLY FORCE

a. When an officer uses deadly force, he or she will immediately take whatever steps are reasonable and necessary to protect his or her safety and the safety of any member of the public.

b. After taking such steps and it is safe to do so, the officer will immediately notify dispatch of the use of deadly physical force and summon any medical aid needed.

c. The officer will then, if able, take such steps as are reasonably necessary to preserve the integrity of the scene and preserve evidence.

d. Upon request, the officer will provide information (Public Safety Statement) regarding the circumstances as necessary to protect persons and property, preserve any evidence, and to provide a framework for the investigation.

A Public Safety Statement is a compelled statement to an investigating supervisor that is limited to collecting critical information about an officer involved shooting and is limited to ascertaining information about the safety to the public and providing a framework for the investigation. An example of a Public Safety Statement can be found in Appendix A of *Policy 810 – Deadly Force Investigations.*

## 800.5 MEDICAL ATTENTION FOR INJURIES SUSTAINED

Officers are responsible for the physical safety and security of persons they arrest. Prior to booking or release, medical assistance will be obtained for any person who has sustained visible injury, expressed a complaint of injury or continuing pain, or who has been rendered unconscious. Based upon the officer's initial assessment of the nature and extent of the subject's injuries, medical assistance may consist of examination by fire personnel, paramedics, hospital staff, or medical staff at the jail.

A person who exhibits extreme agitation, violent, irrational behavior accompanied by profuse sweating, extraordinary strength beyond their physical characteristics, and imperviousness to pain (sometimes called "excited delirium"), or who requires a protracted physical encounter with multiple officers to bring him or her under control may be at an increased risk of sudden death and should be examined by qualified medical personnel as soon as practicable prior to transport in a police vehicle. Any individual exhibiting signs of distress after such an encounter shall be medically cleared prior to booking.

If any individual refuses medical attention, their refusal shall be documented in related reports. Whenever practicable, the refusal should be witnessed by another officer and/or medical

EXHIBIT 8

Page 6 of 7

personnel. If an audio recording is made of the contact or interview with the individual, any refusal should be included, if possible.

## 800.6    REPORTING THE USE OF FORCE

Any reportable use of physical force will be documented promptly, completely, and accurately in the appropriate report(s) depending on the nature of the incident.

### 800.6.1    REPORTABLE USES OF FORCE

An employee will promptly notify his or her supervisor if involved in one of the incidents listed below:

- Any intentional act by an EPD employee during the performance of his or her police duties resulting in a subject's physical injury (as defined in ORS 161.015) or loss of consciousness.

- Discharge of a firearm while on duty, while on City property, or while in performance of police duties (except for authorized test-firing, dispatch of an animal in accordance with department policies, or approved training activities.)

- Any other intentional discharge of a City-owned firearm (except for lawful target practice.)

- A bite by a police K-9 to anyone who is not a handler.

- The discharge or display of a Taser against a person.

- The use of OC spray against a person.

- The use of a carotid hold or other neck restraint against a person.

- The use of an impact weapon to strike blows against a person.

- The discharge of any other department-owned or department-issued less-lethal weapon (e.g., bean-bag round, tear gas) against a person (with or without hits).

- The use of any department-owned equipment resulting in injury to a person.

## 800.7    SUPERVISOR RESPONSIBILITY

A sworn supervisor will respond to the scene of any of the incidents listed in §800.6.1 involving an EPD employee.  The responding supervisor will be responsible for taking the following actions:

- Obtain the basic facts from the involved officer(s.)

- Ensure any injured parties are examined and treated.

- Ensure any potential witnesses are identified and interviewed to the extent feasible.

- Ensure photographs are taken of injuries to officers or other persons.

COE 002103

EXHIBIT 8

Page 7 of 7

- Make any command and/or other notifications that are required or that the supervisor determines should be made.

- When feasible, approve all reports in the report packet completed by involved officer(s) to ensure accuracy and consistency. If it is not feasible for the responding supervisor to do this, he or she will coordinate with another supervisor who will be responsible to review all remaining reports.

- Prepare a Use of Force Incident report in "Blue Team" to include a synopsis of the event and related photographs.

The Chain of Command and Internal Affairs Section should be contacted if the supervisor believes the incident may give rise to potential civil litigation or claims.

Should the supervisor determine that any application of force was not within policy, a separate internal administrative investigation may be initiated.

In the event that a supervisor is unable to respond to the scene of an incident involving the reported application of force, the supervisor is still expected to complete as many of the above items as circumstances permit.

## 800.8    USE OF FORCE REVIEW BOARD

The Chief of Police may assemble and convene a Use of Force Review Board (refer to *Policy 802 – Use of Force Review Board*) to investigate the circumstances surrounding any use of force incident and will designate a member of the board to serve as chairperson.

## 800.9    ANNUAL REVIEW

During the first quarter of each year, the Professional Standards Lieutenant will ensure that an annual review of all Use of Force Reports for the previous calendar year is conducted. The analysis will focus on the effectiveness and trends in the use of force that might suggest training or equipment needs, or policy modification. Specific detail including officer names, case numbers, and locations of occurrence are not needed for this purpose and therefore will not be part of this process.

## 800.10    TRAINING

The Training Section will maintain training records documenting the use of force training that each officer has received, which includes lesson plans, F6 attendance rosters, and all qualification dates and scores for weapon systems.

COE 002104