EXHIBIT 11
Page 1 of 11

| POLICY<br>**322** | | |
|---|---|---|
| EFFECTIVE<br>DATE<br>12-12-19 | **Eugene<br>Police Department** |  |

# Search and Seizure

## 322.1 PURPOSE AND SCOPE

Both the federal and state Constitutions provide every individual with the right to be free from unreasonable searches and seizures. This policy provides general guidelines for Eugene Police Department personnel to consider when dealing with probable cause-based search and seizure issues. Case law regarding an officer's ability to search and seize from private individuals is ever changing and frequently subject to interpretation under the varying facts of each situation. Because case law regarding search and seizure is constantly changing and subject to interpretation by the courts, each member of this department is expected to act in each situation according to current training and his or her familiarity with clearly established rights as determined by case law. Whenever practicable, officers are encouraged to contact a supervisor to resolve questions or any disputes regarding search and seizure issues prior to electing a course of action. For additional information about administrative searches of persons in custody refer to policy *702 - Searches and Inventories of Detained Persons*. For administrative vehicle searches related to impounding a vehicle, see policy *610 - Vehicle Tows and Inventories*.

## 322.2 REASONABLE EXPECTATION OF PRIVACY

Both the constitutions of the United States and Oregon provide every individual with the right to be free from unreasonable governmental intrusion. As a general rule, members of this department should not physically enter any premises or personal property where an individual has a reasonable expectation of privacy in order to conduct a search or seizure without one or more of the following:

- A search warrant
- A lawful frisk based on legitimate officer safety concerns (Terry Stop/frisk)
- Probable cause accompanied by an exception to the warrant requirement (e.g., exigency, plain view, search incident to arrest, mobile vehicle exception, officer safety, emergency aid)
- Consent
- Community caretaking (statutory basis)
- Administrative and non-discretionary reason for the search such as administrative inventory pursuant to:
    - Vehicle inventory pursuant to impound policy *610 Vehicle Tows and Inventories*
    - Personal Property inventory pursuant to custodial status policy *702 Searches and Inventories of Detained Persons*

COE 001870

EXHIBIT 11

Page 2 of 11

Except in cases of hot pursuit, consent, or when exigent circumstances exist, a search warrant will be obtained prior to making entry into premises to serve an **arrest warrant**, unless the subject of the warrant resides in those premises and there is probable cause to believe he or she is present at that time.

There are occasions when law enforcement is permitted to search and seize property within recognized federal and state law. There are legitimate law enforcement activities that also do not require a warrant or a warrant exception. Such activities have historically included, and are not limited to: seizure and examination of abandoned property and observations of activities and property located in open public areas.

## 322.3    RESIDENCES

Every person has a reasonable expectation of privacy inside his home and a search of a residence will not be conducted without a valid search warrant, a valid warrant exception, or valid consent. Individuals do not, however, generally have a reasonable expectation of privacy in areas around the home where the general public (e.g., mail carriers and solicitors) would reasonably be permitted unless they have taken explicit measures to create an expectation of privacy such as erecting a fence, or placing signage to exclude the public (i.e. placed "No Trespassing" signs.)

During an investigative contact, when officers have contact with a person within their home the officer may conduct a "pat-down" officer safety frisk of the person as outlined in § 322.4.   In circumstances where consent to search the premises is not granted by a person, officers that are within a residence for investigative purposes pursuant to a search warrant or a valid warrantless exception, may conduct only a limited protective sweep of a residence when the searching officer possesses a reasonable belief that the area to be swept harbors an individual posing a danger to those officers or persons on the scene. The sweep should be limited to areas where a person may be and shall not last longer than is necessary to dispel the reasonable suspicion of danger.

## 322.4    OFFICER SAFETY FRISK

An officer safety frisk (pat-down) is a search. *ORS 131.605* to *ORS 131.625* are the Oregon statutes authorizing criminal investigative stops. Additionally, *ORS 153.039* provides:  an officer may "stop and detain any person if the officer has reasonable grounds to believe that the person has committed a violation." The statutes permit officers to stop and detain individuals whom they reasonably suspect has committed a crime or is about to commit a crime. The statutes authorize officers to inquire about the circumstances that aroused the officers' suspicions and as well as other circumstances arising during the course of the stop that give rise to the reasonable suspicion of criminal activity. An officer safety frisk is permitted during a stop both under Oregon and federal law if the officer reasonably suspects that the person is armed and dangerous; however, it must be in the course of a lawful encounter. The frisk should be conducted in a manner that is focused solely on the non-invasive patting of the outer clothing of a detained person to look for weapons. The officer must have objective facts supporting the decision to frisk, and the officer must believe that the defendant might pose an

COE 001871

EXHIBIT 11

Page 3 of 11

immediate threat to the officer or others. Generalized safety concerns are not sufficient. ***The purpose of a limited weapons frisk after an investigatory stop is not to discover crime, but to allow the officer to pursue the investigation with a lesser concern for his or her physical safety from weapons.*** An officer does not need to be absolutely certain that an individual is armed; however, the officer must specifically articulate direct personal knowledge of why he or she reasonably suspects the person to be potentially armed and dangerous.

Generally, officers should not put their hands under the suspect's outer clothing until they feel something they reasonably believe is a weapon. If the officer has a reasonable belief that the person is potentially armed, and the outer clothing is too bulky to allow officers to decide if a weapon is concealed underneath, outer clothing such as overcoats and jackets may be opened to allow a pat down of the inner clothing, such as shirts and trousers.

## 322.5     SEARCH PROTOCOL

a.    Officers will conduct person searches with dignity and courtesy.
b.    Officers will conduct property searches in a manner that returns the condition of the property to its pre-search status as nearly as reasonably practicable.
c.    Officers should attempt to acquire keys to locked property when a search is anticipated and the time and effort required to gain the keys makes it a practicable option.
d.    Pursuant to policy *702 - Searches and Inventories of Detained Persons*, it is the responsibility of each individual officer to search a prisoner for weapons or contraband anytime he or she gains custody of that prisoner, regardless of whether the prisoner was previously searched by another officer. This is an administrative search and shall be nondiscretionary in scope and application.
e.    While exercising due safety precautions, when possible officers should explain to the person being searched the reason for the search and how the search will be conducted.
f.    Generally, officers may conduct searches and inventories of a person of the opposite gender. When equipment is functioning and available, and safety and other tactical considerations permit, a search should be done in front of a video recording system (BWV/ICV).

     1.  If a video recording system or an officer of the same gender as the person being searched is unavailable, a second officer or supervisor should be present.
     2.  Officers will use the back side of their hands and fingers to frisk/search intimate areas of the opposite gender to include the breast, crotch, and buttocks.

g.    If the tactical situation allows and when practicable, an officer of the same gender as the person to be searched should be requested to conduct the search.

## 322.6     CONSENT

A search or seizure of a person, personal property, vehicle or location for any purpose is permitted once valid consent has been obtained. However, officers should be aware that overuse of the consent search can negatively impact the department's relationship with the community and should focus on obtaining consent in circumstances reasonably believed to be

COE 001872

EXHIBIT 11

Page 4 of 11

relevant to any investigation. A search or seizure by consent is permitted if the following criteria are met:

a.   Consent is clear, specific and unequivocal.
b.   Consent is obtained from a person who has the actual authority to give the consent (e.g., care, custody and control of the item to be searched or seized.) If a person with equal authority to the item to be searched refuses consent, then no search or seizure may occur unless probable cause exists and there is a warrant or valid warrant exception.
c.   The search or seizure does not exceed the scope of the consent given.
d.   Consent is voluntary—it must be obtained as the product of a free will. It cannot be obtained through coercion.

Although officers are not required to conduct searches within the plain view of suspects, those who have the authority to grant or revoke consent should be in a position to communicate a withdrawal of consent should they so desire. If consent was obtained by telephone from a person who has authority to grant the consent, the person should be provided with contact information to revoke the consent.

Absent other legal justification, such as obtaining a warrant or having another valid warrantless exception, any related search should be discontinued at any point that consent is withdrawn, even if the withdrawal is made by a different party who is at the scene and who also has authority over the area being searched.

### 322.6.1   DOCUMENTING CONSENT

Officers shall make all reasonable attempts to document consent requests and authorization for all searches in the accompanying police report and should also be recorded by audio and/or video whenever possible. Consent searches may be further documented by having the person(s) to be searched, or the person(s) responsible for property/buildings to be searched sign a Consent to Search card. The Consent to Search card will be submitted to the evidence control unit as evidence.

If at any time after the search has begun the person(s) revokes their consent, the officer will immediately stop and search no further unless sufficient probable cause has already been developed to justify either proceeding under an exception to the warrant requirement or to permit the officers to obtain a search warrant to continue with the search.

If consent is revoked, the officer will document the revocation in the accompanying police report.

If due to the circumstances, a report is not generated, and the contact cannot be recorded by audio or video, and consent was gained and a subsequent search was conducted, the officer will cause a detail in the CAD record of the call to be made, indicating consent to search was granted and what was searched.

COE 001873

EXHIBIT 11
Page 5 of 11

## 322.7 PROBABLE CAUSE SEARCHES AND SEIZURES

Probable Cause: *ORS 131.005(11)* defines probable cause as, "probable cause means that there is a substantial objective basis for believing that, more likely than not, an offense has been committed and a person to be arrested has committed it." Courts have further stated that an officer must have a subjective belief that an offense has been committed and this belief must be objectively reasonable in the existing circumstances.

In order for a search or seizure of a person or property to occur, officers must have valid consent, a search warrant, probable cause and a warrant exception, or some other lawful authority such as a permitted lawful stop and detention based on reasonable suspicion as outlined in *ORS 131.605* to *ORS 131.625* (investigative stop and detention.)

The subsections below address the following probable cause searches subject to an exception to the warrant requirement: exigent circumstances, hot pursuit, officer safety, mobile vehicle, plain view and searches incident to arrest for a crime.

### 322.7.1 EXIGENT CIRCUMSTANCES

Exigent circumstances permitting seizure or search of a person or property, or entry into premises without a warrant or consent requires probable cause and is generally, a situation that requires the police to act swiftly to prevent danger to life or serious damage to property or to forestall a suspect's escape or the destruction of evidence. Exigent circumstances may include any of the following:

a. A reasonable belief that a person is in need of immediate aid
b. The need to protect or preserve life or avoid injury
c. Imminent escape of a suspect
d. The reasonable belief that evidence of a crime or contraband is about to be removed or destroyed
e. Officer safety

An exigency created by the officer's own conduct as reasoning for a warrantless search or seizure is not permitted.

Exigent circumstances must exist for both the item the officer wishes to seize and during the timeframe in which the officer wishes to seize it.

### 322.7.2 SEARCH INCIDENT TO ARREST

The general authority to search incident to a lawful custodial arrest exists because an arrest creates a type of exigency that justifies a warrantless search of the arrested person. A valid custodial arrest alone does not justify a unique right to search. A valid search incident to arrest is only permitted when the person was arrested pursuant to a valid arrest warrant or the officer has probable cause to arrest, and the search is:

a. Necessary to protect the arresting officer from safety related concerns;

COE 001874

EXHIBIT 11
Page 6 of 11

b.    A precaution to avoid the destruction of evidence or the escape of the defendant; or

c.    Reasonably related to the crime for which the defendant was arrested.

Objects of a search incident to arrest are generally weapons (based on a probable cause belief that they exist), evidence of the crime for which they are being arrested, and/or means or implements of escape. The basis for exigency searches or seizures are to be articulated on an individualized basis outlining the circumstances that exist in the current time and place, with the person arrested, that justify the search or seizure.

Searches of a person or the personal property or area within the immediate control of a person who has been arrested are permitted to secure weapons and to search for evidence of the crime for which they are being arrested when probable cause exists for the search and exigency exists to eliminate the concealment or destruction of evidence. A search incident to arrest may extend to defendant's person, closed containers, the surrounding area, and vehicles so long as probable cause supports the search and exigency exists. The courts have ruled in several cases that "electronic devices" (such as cell phones and PDA's) do not expressly equate to closed containers. The courts have reminded officers that the search incident to arrest is conducted only to prevent the destruction of evidence, to ensure officer safety, or when other exigent circumstances exist. If you have a question regarding an electronic device and whether or not exigency exists to conduct a search of the device, a supervisor or the department's legal advisor should be contacted.

When officers make a lawful arrest they are permitted to conduct a contemporaneous search of the arrestee within this warrant exception so long as the above circumstances exist. Such a search safeguards the arresting officer and others nearby from harm while ensuring that the arrestee will not discard or destroy evidence. An officer may justify a search in the area in proximity to where the person might currently reach, or have immediate access to, in order to retrieve a weapon or evidence.

Searches must be reasonably close in time to the arrest, and reasonable in proximity to the place where evidence or weapons are expected to be located. **Exigency generally dissipates upon the securing of the arrested party in the custody of the department.** Searches subsequent to the arrestee being placed in custody should be evaluated for whether a search warrant is appropriate, or whether some other exception to the warrant requirement exists.

Property belonging to a person who has been taken into custody and for which there is no probable cause to search, is not included in a search incident to arrest; instead, the property shall be inventoried in accordance with Policy-*902 Searches and Inventories of Detained Persons* and Lane County Jail policies.

### 322.7.3    MOBILE VEHICLE EXCEPTION

The vehicle exception that permits search of a vehicle and the containers therein, without a warrant exists when:

COE 001875

EXHIBIT 11
Page 7 of 11

a. The officer has probable cause to believe that the vehicle contains contraband or other evidence of a crime; AND
b. The vehicle was mobile and associated with criminal activity before the initial police contact; AND
c. The vehicle is attended and operable at the time of the search.

The vehicle exception to the warrant requirement ceases to exist when the vehicle is impounded. Any search pursuant to an impoundment of a vehicle shall be subject to policy 610 Vehicle Tows and Inventories, an administrative inventory.

An additional search of a vehicle interior compartment, trunk and closed containers may be made when it is reasonable to believe that the areas within the vehicle contain contraband, or the evidence and fruits or instrumentalities of the offense of arrest and the exigency related to mobility has not dissipated. The scope of the search is limited to the areas where the evidence is reasonably located. Officers are urged to consider applying for a search warrant in circumstances when there is not an immediate exigency to obtain the evidence.

A search warrant will need to be obtained after making an arrest if officers do not have a valid exception to the warrant requirement to search a vehicle.

### 322.7.4 COMMUNITY CARETAKING/EMERGENCY AID

#### 322.7.4.1 COMMUNITY CARETAKING

*ORS 133.033(2)* authorizes peace officers to enter or remain upon premises if it reasonably appears to be necessary to:

a. Prevent serious harm to any person or property; or
b. Render aid to injured or ill persons; or
c. Locate missing persons.

Note, however, that the community caretaking statute still must fall within a valid exception to the constitutional search warrant requirement. In other words, under almost every circumstance, if an officer is seeking to enter or remain upon premises for community caretaking, that officer must *also* be able to justify their actions under the emergency aid doctrine. Accordingly, an investigating officer who intends to undertake a community caretaking entry or search should attempt first to obtain permission to enter or to search from someone with authority to do so, if that is at all possible. Alternatively, if circumstances permit, the officer should investigate to determine whether the situation is sufficiently exigent and life-threatening to authorize a warrantless entry or search under the emergency aid exception.

#### 322.7.4.2 EMERGENCY AID

The emergency aid doctrine provides an exception to the warrant requirement when all the following conditions are met:

COE 001876

EXHIBIT 11

Page 8 of 11

1. The officer has reasonable grounds to believe that there is an emergency and an immediate need for their assistance for the protection of life;
2. The emergency is a "true emergency" – the officer's good faith alone is not sufficient;
3. The search is not primarily motivated by an intent to arrest or to seize evidence;
4. The officer reasonably suspects that the area or place to be searched is associated with the emergency and that, by making a warrantless entry, the officer will discover something that will alleviate the emergency.

Prior to making entry into a premise under the authority of this statute or pursuant to emergency aid, an officer will notify a supervisor of the circumstances justifying the need for entry, unless exigent circumstances preclude such notification.

Any officer making entry under the authority of this statute will detail in their report his or her actions and the justification for the action.

## 322.7.5    PLAIN VIEW AND OPEN VIEW

### 322.7.5.1   PLAIN VIEW

An officer who is in a place where he or she has a lawful right to be may seize evidence in plain view without the necessity of first securing a search warrant. Generally "plain view" means that an officer is lawfully within a constitutionally protected place and sees items that are readily identifiable as being evidence, contraband, or fruits or instrumentalities of crimes. An individual does not have an expectation of privacy as to items that are in plain view while the officer is at a lawful vantage point.

An item in "plain view" may lawfully be seized when **all** of the following conditions are met:

a. The object must be in plain view; **and**
b. the officer conducting the seizure must lawfully arrive at the position from which the object is plainly seen; **and**
c. officers must have a lawful right of access to the object itself, apart from lawfully viewing the object; **and**
d. the object's incriminating character must be so immediately and sufficiently apparent that officers have probable cause to believe the object is contraband or evidence of a crime.

(Example: An officer is executing a search warrant to obtain a specific firearm used in a crime and while in the premises sees drugs on the coffee table.  The officer may seize this item that was in "plain view".)

The object of a search and/or seizure must be one of the following *ORS 133.535*:

COE 001877

EXHIBIT 11

Page 9 of 11

a. Evidence or information pertaining to a crime
b. Contraband
c. Proceeds or fruits of a crime
d. Items used in the course of the commission of a crime (instrumentalities)
e. A person for whom there exists a warrant or probable cause to arrest, or who is unlawfully held in concealment.

### 322.7.5.2  OPEN VIEW

An item seen from an "open view" vantage point is one where an officer is not yet lawfully in constitutionally protected premises and yet they observe within that area, evidence, contraband, or items that are readily identifiable as fruits or instrumentalities of a crime. In those circumstances a warrant (or warrant exception) is not needed to observe the item (search) but such observation will generally not eliminate the need for a warrant or a warrant exception to enter the property in order to seize the item. (Example: An officer standing on public sidewalk can observe drugs inside the home through an open front window. The observation is a lawful open view search but a warrant or a warrant exception is needed to justify entry into the home to seize the drugs.)

## 322.8     PAROLE AND PROBATION SEARCHES

Unless otherwise permissible by securing a warrant or having a justifiable warrantless exception, officers may not conduct parole or probation searches without consent of the person or authorization from the subject's supervising parole or probation officer. Any search predicated on a condition of parole or probation must be based on reasonable grounds to believe that evidence of a violation will be found *ORS 137.540(1)(i)* and *144.270(3)(b)(A)*. If the person refuses to allow the search, this may constitute a violation of his or her conditions of parole or probation, but will generally not justify a search by an officer absent a warrant or a separate warrant exception.

## 322.9     OPEN FIELDS AND ABANDONED PROPERTY

Open fields and abandoned property do not inherently keep privacy expectations that are provided under the Fourth Amendment and as such do not require warrants or warrantless exceptions prior to search or seizure.

### 322.9.1    OPEN FIELDS

Open fields do not provide the privacy expectation that is unique to the Fourth Amendment's safeguards of a "persons, houses, papers and effects." As such, entry into open fields does not require a search warrant. Officers must be cautious before entering into a open field, however, because there are few bright lines rules about what qualifies as an open field.

COE 001878

EXHIBIT 11

Page 10 of 11

Open fields include any unoccupied or undeveloped area outside of the curtilage. Open fields generally are areas that are visible to the public from public vantage points. The curtilage is the area around the home "to which extends the intimate activity associated with the sanctity of a person's home and the privacies of life." The curtilage is protected private property for which a warrant or a warrant exception is required prior to any search or seizure of the property therein. The following are factors in determining whether or not property may be an "open field" or "curtilage":

a.  The proximity of the area to the home;
b.  Whether the area is included within an enclosure surrounding the home;
c.  The nature of the uses to which the area is put; and
d.  Steps taken by the resident to protect the area from observation by people passing by such as erecting signs and fences discouraging people from entry

Note that with respect to land within the curtilage, the law assumes that, absent evidence of an intent to exclude, an occupant impliedly consents to people walking to the front door and knocking on it.

## 322.9.2   ABANDONED PROPERTY

See also policy *1104 - Evidence and Property Handling* regarding handling and disposition of abandoned property.

Abandoned property is a category of property for which a warrant is not needed for the lawful search because no privacy interest is invaded. Abandonment may occur when a person discards or denies ownership of property in a public right of way or public spaces. The abandonment must be voluntary and not a result of police coercion or misconduct. From time to time, there may be a circumstance when an officer will have to determine under the totality of the circumstances whether or not a person maintains a privacy interest in personal property found at a scene.

The following should be considered when attempting to ascertain if a privacy interest exists, or if the property has been abandoned:

a.  Is there any party present who has made a disclaimer of ownership?
b.  Do a person's statements or conduct intend to voluntarily relinquish all property interest?
c.  Does the person separate him or herself from the item as a result of police intervention?
d.  Did the person leave the item on public property or private property?
e.  Did the person take any action related to the item to exert control over it, in order to maintain a privacy interest (such as take steps to hide the item?)
f.  What is the timing of the abandonment of the property?

In a criminal search and/or seizure of abandoned property, if probable cause exists to believe that the items contain contraband, evidence, or the fruits or instrumentalities of a crime, officers must determine if there are search warrant exceptions applicable to the given situation or whether it is appropriate to seek a warrant.

COE 001879

EXHIBIT 11
Page 11 of 11

If there is not probable cause to believe that the items contain contraband, evidence, or the fruits or instrumentalities of a crime, then officers are authorized by *ORS 98.005* to take certain steps to locate the true owner of the property. Any search into abandoned property shall be done for purposes of ascertaining the owner of the property and once that information is obtained, the search shall cease unless there are other policy provisions that require additional inventory of the property.

Prior to the officer taking custody of the abandoned item for purposes of lodging it at the Evidence Control Unit, the contents shall be inventoried pursuant to Policy *702 Searches and Inventories of Detained Persons.*

Follow the submission requirements if the property is to be submitted to the property control unit.

**Chris Skinner**
**Chief of Police**

COE 001880