**Ben Miller, OSB #074690**
BMiller@eugene-or.gov
Eugene City Attorney's Office
101 W. 10th Avenue, Suite 203
Eugene, OR 97401
Telephone: (541) 682-8447
Facsimile: (541) 682-5414

Of Attorneys for Defendants
Samuel Tykol and City of Eugene

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **OFELIA HERNANDEZ SANTIAGO,** Personal Representative of the Estate of Eliborio Rodrigues Jr., <br><br> Plaintiff, <br><br> v. <br><br> **SAMUEL TYKOL, JOHN DOE SUPERVISORS 1-3, CITY OF EUGENE,** a municipal subdivision of the State of Oregon, <br><br> Defendants. | Case No: 6:21-cv-01715-MK <br><br><br> **DEFENDANTS SAMUEL TYKOL AND CITY OF EUGENE'S RESPONSE TO PLAINTIFF'S MOTION TO TAKE JUDICIAL NOTICE OF DISCRETE FACTS** |

## INTRODUCTION

Plaintiff has moved this Court to take judicial notice of fifteen records. While several of the records may be appropriate for judicial notice, many others are not. Plaintiff is asking this Court to rely upon statements and opinions within them, rather than notice the fact of the record's existence. Moreover, plaintiff failed to confer on her motion. For these reasons the motion should be denied or only granted as to the existence of certain records but not as to the truth of facts recited therein.

## STANDARD

Pursuant to Federal Rule of Evidence 201, a court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial

jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

## POINTS AND AUTHORITIES

### A. There Was No Conferral

Plaintiff's request for judicial notice contains no LR 7-1(a)(1) certification. That rule requires that the first paragraph of every motion must certify that the parties made a good faith effort through personal or telephone conferences to resolve the dispute and what the outcome of that discussion was. There was no certification because there was no conferral on plaintiff's request for judicial notice. Plaintiff's counsel never conferred with defendants' counsel about this motion for judicial notice, what records it would include, or what the basis for it would be. As a result, this motion can simply be denied. LR 7-1(a)(3).

Conferral would not have necessarily been futile. Defendants' counsel would have pointed out the issues they raise below about what is properly subject to judicial notice and what is not. At a minimum plaintiff would have been able to address those issues in her motion, instead of any reply, depriving defendants of a chance to respond.

### B. The Court Should Not Take Judicial Notice of the Contents of Disputed Reports or Irrelevant Records

Turning to the merits, under Federal Rule of Evidence 201(b), "a court may take judicial notice of 'matters of public record.'" *Lee v. City of Los Angeles,* 250 F.3d 668, 689 (9th Cir. 2001) (*quoting Mack v. S. Bay Beer Distrib.,* 798 F.2d 1279, 1282 (9th Cir. 1986)). These can include the records and reports of administrative bodies. *United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003) (*citing Interstate Nat. Gas Co. v. S. Cal. Gas Co.,* 209 F.2d 380, 385 (9th Cir.1953)).

A request for judicial notice may be granted to the extent it seeks to establish the existence of the proffered public records but should be denied to the extent that it seeks to establish the truth of the facts stated in those records. For example, a court may take judicial notice of another court's opinion "not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity" *Lee*,

250 F.3d at 690. But the Court may not take judicial notice of facts in the public record that are subject to reasonable dispute. *Lee*, 250 F.3d at 690 *citing* Fed. R. Evid. 201(b).

In this case, plaintiff seeks to utilize several exhibits for the facts and opinions contained within them, rather than for their existence. For example, plaintiff seeks judicial notice of Exhibit 5, the police auditor's recommendation. [Doc. 48-6]. But rather than refer to the existence of the report, plaintiff instead references statements or opinions from the Eugene Police Auditor's recommendation. Plaintiff's Response to MSJ at 24-26 [46]. The confidential recommendation prepared by the police auditor is an internal document accessible only to certain personnel or civilian review board members. ORS 181A.674(3), Eugene Code 2.244(2)(b), 2.454(4). The record is, therefore, not judicially noticeable, even though it is maintained by an arm of a public entity. *See, e.g., United States v. Ritchie*, 342 F.3d 903, 908-09 (9th Cir. 2003); 21B Wright & Miller, Federal Practice and Procedure § 5106.1 (2d ed. 2011) (explaining that "the requirement that the source provide a 'ready determination'" means that "the source must be 'readily accessible'"); *id*. ("[I]f citizens who wanted to check up on the court had to convince some bureaucrat to let them rummage through his files, the fact should not be noticed.").

Second, even if the auditor's recommendation could be considered "matters of public record," judicial notice extends only to *facts* that are "not subject to reasonable dispute" because they are either (a) "generally known within the territorial jurisdiction of the trial court" or (b) "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Here, the police auditor's opinion about what Officer Tykol thought his lawful order was and interpretation of Oregon law around that assumption are not "generally known" facts. Nor are the facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Lee*, 250 F.3d at 689-90. Rather, they are reasonably subject to dispute and also properly subject to hearsay objections.

Similar problems exist for the Autopsy Report, Exhibit 28. [Doc. 48-11]. Plaintiff seeks to have the Court interpret medical terminology in the report, rather than merely recognize the report was prepared, by whom or when. *See* Plaintiff's Response to MSJ at 14-15 [Doc. 46]. A

PAGE 3 – DEFENDANTS SAMUEL TYKOL AND CITY OF EUGENE'S RESPONSE TO PLAINTIFF'S MOTION TO TAKE JUDICIAL NOTICE OF DISCRETE FACTS

district court "may not take judicial notice of documents filed with an administrative agency to prove the truth of the contents of the documents." *Benavides v. City of Arvin*, 2012 WL 1910259, * 3 (E.D. Cal. May 25, 2012) (*citing, inter alia, M/V Am. Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1492 (9th Cir.1983)); *Klein v. Freedom Strategic Partners*, 595 F.Supp.2d 1152, 1157 (D. Nev. 2009) ("When a court takes judicial notice of a public record, 'it may do so not for the truth of the facts recited therein, but for the existence of the [record], which is not subject to reasonable dispute over its authenticity.'" (*quoting Lee,* 250 F.3d at 690)). Here the interpretation of phrases in the Autopsy Report is reasonably subject to dispute and also properly subject to hearsay objections.

      Finally, plaintiff seeks judicial notice of two records that were prepared after the events of this case. First, plaintiff seeks to have the Court take judicial notice of Exhibit 16, a version of Eugene Code 4.907 that was amended in 2022. [Doc. 47-12]. It was not the version of the Eugene Code that applied to Officer Tykol on November 30, 2019, the date of his encounter with Mr. Rodrigues. Second, plaintiff seeks judicial notice of Exhibit 18, a report apparently prepared by the Oregon Department of Public Safety Standards and Training for the 2020 Joint Committee on Transparent Policing and Use of Force Reform in July 2020. [Doc. 47-14]. Again, this was after November 30, 2019. Neither is relevant to the claims in this case and so judicial notice should be denied. *See Milton Greene Archives v. Marilyn Monroe, LLC,* 692 F.3d 983, 991 fn. 8 (9th Cir. 2012) (denying request for judicial notice for records with no relation to the claims at issue); *Am. Prairie Constr. Co. v. Hoich*, 560 F.3d 780, 797 (8th Cir. 2009) ("Caution must also be taken to avoid admitting evidence, through the use of judicial notice, in contravention of the relevancy, foundation, and hearsay rules.").

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

PAGE 4 – DEFENDANTS SAMUEL TYKOL AND CITY OF EUGENE'S RESPONSE TO PLAINTIFF'S MOTION TO TAKE JUDICIAL NOTICE OF DISCRETE FACTS

## CONCLUSION

For the foregoing reasons, the Court should either deny the request or only take notice of the existence of relevant laws or policies. The Court should specifically not take judicial notice of Plaintiff's Exhibits 5, 16, 18, and 28.

DATED this 13th day of November, 2023.

**CITY OF EUGENE**

By:    s/ Ben Miller
      Ben Miller, OSB #074690
      BMiller@eugene-or.gov
      Telephone: (541) 682-8447
      Facsimile:  (541) 682-5414

      Of Attorneys for Defendants
      Samuel Tykol and City of Eugene

# CERTIFICATE OF SERVICE

I certify that on this 13th day of November, 2023, I served or caused to be served a true and complete copy of the foregoing **DEFENDANTS SAMUEL TYKOL AND CITY OF EUGENE'S RESPONSE TO PLAINTIFF'S MOTION TO TAKE JUDICIAL NOTICE OF DISCRETE FACTS** on the party or parties listed below as follows:

| | |
|---|---|
| __X__ | Via CM / ECF Filing |
| _____ | Via First Class Mail, Postage Prepaid |
| _____ | Via Email |

| | |
|---|---|
| Michelle R. Burrows | Anthony Rosta |
| 16869 SW 65th Ave #367 | 795 W 7th Ave |
| Lake Oswego, OR 97035 | Eugene, OR 97402 |
| | |
| Attorney for Plaintiff | Attorney for Plaintiff |

**CITY OF EUGENE**

By: __s/ Ben Miller__
Ben Miller, OSB #074690
BMiller@eugene-or.gov
Telephone: (541) 682-8447
Facsimile:  (541) 682-5414

Of Attorneys for Defendants
Samuel Tykol and City of Eugene

CERTIFICATE OF SERVICE