Michelle R Burrows OSB 861606
LAW OFFICE MICHELLE R. BURROWS P.C.
16869 SW 65th Ave # 367
Lake Oswego, OR 97035
503-241-1955
Michelle.r.burrows@gmail.com
www.oregoncivilrights.com

Anthony Rosta OSB 810970
ROSTA & CONNELLY, P.C.
795 W 7th Ave
Eugene, OR 97402
541-343-8111
tony@rosta-connelly.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Eugene Division

| | |
|---|---|
| OFELIA HERNANDEZ SANTIAGO, Personal Representative of the Estate of Eliborio Rodrigues Jr., <br><br> Plaintiff, <br><br> v. <br><br> SAMUEL TYKOL, JOHN DOE SUPERVISORS 1-3, CITY OF EUGENE, a municipal subdivision of the State of Oregon, <br><br> Defendants. | No: 6:21-cv-01715 <br><br><br> RESPONSE TO DEFENDANTS' OBJECTIONS TO FINDINGS AND RECOMMENDATIONS |

**Table of Contents**

INTRODUCTION ........................................................................................ 1

BACKGROUND ......................................................................................... 1

FINDINGS AND RECOMMENDATIONS ON NEGLIGENCE CLAIMS ................................ 1

    A.    Introduction.............................................................. 1

    B.    Defendants' Objections to Findings on Negligence..................... 2

    C.    Defendants failed to meet their burden under Rule 56................. 2

        1.    Theory of Negligence............................................ 3

        2.    Concomitant Negligent and 1983 Claims............................ 4

        3.    Arrest Supported by Probable Cause............................... 5

        4.    Genuine issues of Fact........................................... 5

        5.    Wrongful Death "claim"........................................... 7

        6.    Summary......................................................... 8

SUPPLEMENTAL JURISDICTION ....................................................................... 9

    A.    Statutory Authority to District Courts.............................. 9

    B.    Subject Matter Jurisdiction........................................ 9

    C.    Abuse of Discretion............................................... 10

    D.    Basis to Analyze Supplemental Jurisdiction......................... 11

ANALYSIS............................................................................................. 11

**Table of Authorities**

**Cases**

*Accord Capital Park Ltd. Dividend Housing Ass'n v. Jackson,* 2006 WL 2992731 (6th Cir. 2006) ................................................................................................................................................... 13

*Achtman v. Kirby, McInerney & Squire LLP*, 464 F.3d 328 (2d Cir. 2006) ................................. 13

*Arbaugh v. Y&H Corp.*, 126 S. Ct. 1235 (2006) ................................................................ 13, 14, 15

*Box v. State of Oregon,* 311 Or. App. 348, 92 P.3d 685 (2021) ............................................. 7, 12

*Carlsbad Tech., Inc v. HIF Bio, Inc.*, 556 U.S. 635 (2009) ..................................................... 13, 14

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988) ................................................................. 15

*Chicago v. International College of Surgeons*, 522 U.S. 156 (1997) ............................................ 14

*Glenn v. Washington County*, 673 F.3d 864 (9th Cir. 2011) ........................................................ 11

*Gonzalez v. City of Anaheim,* 747 F.3d 789 (9th Cir. 2014) ........................................................ 11

*Gregory v. City of Newberg*, 2015 U.S. Dist. LEXIS 126304 (D. Or. 2015) .................................. 8

*Johns v. City of Eugene*, 2018 U.S. Dist. LEXIS 14717, 2018 WL 634519 (D. Or 2018) ............. 8

*Kolari v. New York Presbyterian Hosp.*, 455 F.3d 118 (7th Cir. 2006) ........................................ 15

*Koon v. Prince George's* Cty, 2019 U.S. cit. LEXIS 47698 (March 22, 2019)(Md. Dist Ct.) ..... 11

*Martineau v. McKenzie-Willamette Med Ctr*. 371 Or 247 (2023) ................................................. 12

*Mendez v. Cnty of Los Angeles*, 897 F.3d 1067 (9th Cir. 2018) ..................................................... 7

*Osborn v. Haley*, 549 U.S. 225 (2007) ................................................................................... 14, 15

*Shilo v. City of Portland* 2005 U.S. Dist. LEXIS 38849, 2005 WL 3157563 (D. Or. 2005) ......... 8

*United Mine Workers of America v. Gibbs,* 383 U.S. 715 (1966) ................................................. 13

*United States v. Cotton*, 535 U.S. 625 (2002) .............................................................................. 14

*United States v. Morton,* 467 U.S. 822 (1984) .............................................................................. 14

## Statutes

28 U.S.C. 1357 ....................................................................................................................... 14

28 U.S.C. 1367 ................................................................................................................... 13, 15

42 U.S.C. § 1983 ..................................................................................................................... 8

ORS 30.020 ........................................................................................................................... 12

## Rules

Fed R. Civ. P. 72 ..................................................................................................................... 6

Fed. R. Civ. P. 56 ........................................................................................................... 6, 12, 16

## INTRODUCTION

Plaintiff submits this Response to Defendants' Objections (Doc. 59) to the Magistrate's Findings and Recommendations (F&R) entered August 19, 2024 (Doc. 55). Plaintiff incorporates her Response to the Motion for Summary Judgment herein and all supporting exhibits (Doc. 46-48).

## BACKGROUND

The factual recitation of what is known, and what is not known, about the shooting of Eli Rodrigues is set out with exquisite detail by both parties. However, the only living witness to the shooting is the officer. Taking his word on the facts is not permitted under present Ninth Circuit law without collateral supportive evidence. See, Plaintiff's Response to Motion for Summary Judgment. Plaintiff does not waive that legal premise in any of these arguments.

The Estate of Eli Rodrigues does not challenge the Magistrate's Findings and Recommendations. The City of Eugene challenged the findings as to the negligence claims. Plaintiff responds to the City's response.

## FINDINGS AND RECOMMENDATIONS ON NEGLIGENCE CLAIMS

*A. Introduction*

The Magistrate recommended survival of the Negligence claims at the Fifth and Sixth Claims for Relief. See, F&R at 19-24. The Magistrate further recommended dismissal of the other claims but also recommended this court retain Supplemental Jurisdiction over the state law claims. See, F&R at 24. Defendant filed objections to the Findings by the Magistrate on the state law claims. The objections and the related portion of the F & R must be examined by the Article III judge. 28 U.S.C. 636 (b)(1)(C).

A judge of the court shall make a de novo determination of those portions of the proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part, the findings or recommendations by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions.

28 U.S.C. 636 (b)(1)(C)

B. *Defendants' Objections to Findings on Negligence*

Defendants' most vehement objection arises from their claim that Plaintiff abandoned the 5th and 6th Claims. Defendants cite to several cases in their Objection and Reply (Doc. 50). The Magistrate considered the argument noting defendants referenced cases "none of which is persuasive". F&R at 19 (Doc. 55). The City cited additional authority in their objection to support the abandonment theory. All of the cases cited by Defendants in their Reply brief and the Objections concern preserving issues and claims for appeal. "Failure to raise an argument at summary judgment can waive a party's right to raise it on appeal but it does not relieve the moving party of its burden at the summary judgment stage. (omitting internal citations)" Doc. 55 at 19.

The cases cited by Defendants are not particularly helpful in this specific context for at least two reasons: the Magistrate found Defendants failed to meet their burden on the negligence claim in their initial briefing under Fed. R. Civ. P. 56; and, secondly, because of the *de novo* nature of this review, Plaintiff can seek review of the issues and facts set out in the original briefing with additional evidence and briefing. Fed R. Civ. P. 72.

C. *Defendants failed to meet their burden under Rule 56*

The Magistrate's findings are elegant and simple, finding essentially that Defendants mischaracterize the negligence claims, misstate the legal ability to bring different legal theories

and, finally, that there are too many disputed issues of fact at this stage of the litigation. F&R at 19-20.

//

1. Theory of Negligence

The Magistrate notes Plaintiff's negligence claims are based on various actions, or inactions, engaged in by Officer Tykol pre-arrest and pre-shooting rather than intentional torts in the assault and shooting of Mr. Rodrigues. *See,* Complaint paragraphs 71-76. (Doc. 1). Paragraph 73 of the Complaint sets out discrete acts of negligence leading to the confrontation and use of force including failure to de-escalate in accord with Eugene policy, using outdated modes of force response techniques, failing to assess danger properly, and failing to use proper tactics in accord with his training and in compliance with Eugene City Police Policies. City of Eugene is also noted for their negligence in training in the use of lethal and less lethal force, failure to train officer in the proper response to passively-resistant individuals, and failing to properly train in de-escalation. This portion of the negligence claims were stricken by the Magistrate.

The Magistrate notes that nowhere in the complaint is the shooting itself alleged to be negligent but rather the "pre-shooting" conduct is the focus of the negligence claim. The Magistrate found this type of negligent conduct is specifically recognized under Oregon law. *Mendez v. Cnty of Los Angeles*, 897 F.3d 1067, 1082 (9th Cir. 2018); *Box v. State of Oregon,* 311 Or. App. 348, 92 P.3d 685 (2021). (Doc. 55 at 20) Defendants take umbrage at the Magistrate's citation to *Box because* it "was never cited in any of the briefings or discussed during extensive oral argument". Defendants' Objection to F&R at 4 (Doc. 59 at 4). A federal judge is not limited by the law cited in briefing but rather counsel is obligated to cite to cases including those whose findings are not directly supportive in order to distinguish them.

A plain reading of Plaintiff's Complaint supports the Magistrate's findings. The negligence claim focuses solely on the failures by Officer Tykol to follow departmental policies and his own training leading to the foreseeable confrontation which did result in Mr. Rodrigues's death. The 1983 claims focus solely on the actual use of force claims against Mr. Rodrigues.

2.   Concomitant Negligent and 1983 Claims

Defendants argued Plaintiff cannot simultaneously bring a § 1983 claim and a negligence claim. This is not only contrary to the existing law, but Defendants failed to support this claim with any legal citation. Courts recognize a plaintiff may allege negligence as a basis for separate recovery from the Constitutional claims. A concomitant negligence claim should not be founded on the same facts giving rise to the § 1983 claims. *Gregory v. City of Newberg*, 2015 U.S. Dist. LEXIS 126304, 2015 WL 557755 at 7-8 (D. Or. 2015). *Shilo v. City of Portland* 2005 U.S. Dist. LEXIS 38849, 2005 WL 3157563 (D. Or. 2005). However, at summary judgment, if there are factual disputes on either claim both claims should survive until the jury resolves those factual disputes. *Johns v. City of Eugene*, 2018 U.S. Dist. LEXIS 14717, 2018 WL 634519 (D. Or 2018).[1]

The pre-shooting failures are distinct factual differences from shooting a jaywalking suspect. The factual basis and legal theories between the pleaded negligence claim and the § 1983 claim are distinguishable. Consequently, the Magistrate found "Oregon law carries greater protections than Section 1983. . . the Court should disregard Defendants' second argument for summary judgment". (Doc. 55 at 21).

Plaintiff agrees because there is no factual nor legal support for Defendants' position.

---

[1]  The negligence claim includes a negligent supervision, training and discipline claim against the municipality and its repeated failure to properly train, the failure to follow city policies, failure to de-escalate. The claims against the City were dismissed by the Magistrate.

//

//

3. <u>Arrest Supported by Probable Cause</u>

The final basis for Defendants' claim that the negligence claim is not valid is simply that the arrest was supported by probable cause. However, the Magistrate notes that the negligence claims focus on Officer Tykol's many alleged failures to de-escalate the situation and use proper police tactics, rather than his lack of probable cause. In fact, Plaintiff conceded in oral argument that Officer Tykol had the right to stop and question Mr. Rodrigues, and may have ultimately had the right to cite him for jaywalking. But Officer Tykol escalated the simple contact with a man looking for recyclable cans in garbage bins into a deadly force situation because he failed to follow policy, failed to follow training, and failed to use more appropriate tactics. His pre-shooting negligence led to the confrontation which ended with Mr. Rodrigues's death. This is the scenario contemplated by *Box*. Officers have a legal duty to de-escalate a situation and only have legal permission to escalate in limited circumstances.

4. <u>Genuine issues of Fact</u>

The Magistrate declined to entertain Defendants' argument on the state claims at the summary judgement stage. (Doc. 55 at 21). The Magistrate ultimately found "there are genuine issues of fact regarding whether Officer Tykol's preshooting conduct was negligent." The Magistrate pointed to several facts from the record, mostly supplied by Plaintiff, which could lead a reasonable jury to conclude Officer Tykol negligently carried out the investigation, arrest, and use of force. The Magistrate cites to the Eugene Police Auditors Report which found various policy and decision-making failures by Officer Tykol which led to the shooting. The admissions

by Officer Tykol in his depositions and findings by the objective Auditor led the Magistrate to find an inference that Officer Tykol created an unreasonable foreseeable risk of harm to Plaintiff.

The entire record as submitted by Plaintiff shows Officer Tykol immediately began to escalate the situation by commanding Rodrigues to identify himself, sit on the curb, and answer questions but refused to advise him of what crime he had committed. The record shows that Officer Tykol went hands on with Mr. Rodrigues first and continued to escalate the use of force even though Mr. Rodrigues was not resisting and crying out for help. When Mr. Rodrigues ran away from the extremely aggressive officer, Officer Tykol gave chase, tackled, and tased Mr. Rodrigues. All over a jaywalking ticket. Mr. Rodrigues was dead within two minutes of the first contact with Officer Tykol. A jury could reasonably find that the actions which led to the shooting were negligent.

These are the actions of an officer who is not restrained in his approach to individuals, even those showing no aggression. Officer Tykol continued to escalate the matter until he felt himself threatened. But for the actions of Officer Tykol, the shooting likely would never have occurred. His failures are reflected in the Complaint and do give rise to an inference of negligence.

In arguing in favor of the abandonment theory, Defendants rehash their version of the facts which were sufficiently rebutted for the Magistrate to note. There is no evidence the version set out by the defendants is in fact what occurred. At best, it is contested sufficiently for a jury to decide. In a stroke of unintended irony, Defendants argue "At the Estate's deposition, the personal representative could not articulate a version of events that departed from Officer Tykol's version". Objection at 3 (Doc. 59). No one can articulate a different version because the

only other witness is dead and Officer Tykol's bodycam magically fell off and landed on the power button.

5. <u>Wrongful Death "claim"</u>

The Magistrate concludes that the factual record at this stage reveals sufficient genuine issues of fact such that a jury must make a determination as to whether Officer Tykol's negligent actions caused Mr. Rodrigues's death. F&R at 23. Defendants note on page 5 of their Objection that somehow Plaintiff made a concession on the legal failures of the wrongful death claim. "Well, the wrongful death claim—you know, the facts basically suffer from the same problem as the 1983 case". Reply at 5, quoting Oral Argument Transcript, 163:1-3 (Doc. 53.). The referenced quote is in the context of the overriding principle that only one person knows what happened and he has placed himself in the simultaneous role of victim and hero. He can tell whatever story he wants and no one would be the wiser. This profound conundrum was addressed by the Ninth Circuit. The court may not simply accept what may be a self-serving account by the police officer. Summary judgment should be granted sparingly in excessive force cases. *Glenn v. Washington County*, 673 F.3d 864, 871 (9th Cir. 2011). This principle "applies with particular force where the only witness other than the officers was killed during the encounter". *Koon v. Prince George's* Cty, 2019 U.S. cit. LEXIS 47698 (March 22, 2019)(Md. Dist Ct.) *citing to Gonzalez v. City of Anaheim,* 747 F.3d 789, 794-795 (9th Cir. 2014).[2]

---

[2] The F&R addresses this at ftnt 5 noting the Plaintiff failed to provide collateral evidence to undermine Officer Tykol's account. Plaintiff disagrees with this statement. The partial bodycam footage contradicts some of the officers' testimony and the lack of a working bodycam and radio are uncomfortably convenient. Officer Tykol testified Rodrigues had no bag but he was seen in the video with a bag collecting cans. There is not much but there is enough to provide suspicions as to Officer Tykol's account.

The jury must assess Officer Tykol's version of the facts and assess his credibility in order to determine the closest version of the truth possible. Officer Tykol's version is in his own self-interest and may not actually be accurate. Those credibility decisions cannot be made at this stage of the litigation.

The Magistrate further explains that the wrongful death statute authorized the personal representative to maintain and act against the wrongdoer when the decedent's death was caused by the wrongdoer's wrongful act or omission. ORS 30.020. The Magistrate cites to *Martineau v. McKenzie-Willamette Med Ctr*. 371 Or 247, 268 (2023). The Magistrate specifically notes that issues of fact remain regarding whether Officer Tykol's conduct was negligent and whether that negligence caused Plaintiff's death. The Magistrate specifically notes that Plaintiff has advanced sufficient "evidence from which a reasonable juror could infer that, absent the negligence there was a reasonable probability that the shooting would not have occurred". *Box v. State of Oregon* 311 Or App 348, 92 P.3d 685 (2021). *Box* rejects the same arguments Defendants make here and concludes "that Plaintiff is not precluded from proving, as a matter of law, that the pre-shooting negligence was a cause of Plaintiff's death". Plaintiff agrees.

If Officer Tykol claims a self-defense theory, he may raise that at trial and receive an instruction to the jury on its parameters. The jury will then decide whether the facts justify the defense. He is not entitled to that defense when so many facts remain unknown.

6. <u>Summary</u>

The City of Eugene failed to meet each and every requirement under Fed. R. Civ. P 56 concerning the negligence claims; ergo, those arguments are not properly before this court. Plaintiff provided sufficient factual evidence to raise reasonable presumption that Officer

Tykol's conduct before the shooting caused the confrontation and led to Mr. Rodrigues's death. But the facts remain in dispute and must be referred to a jury for assessment.

**SUPPLEMENTAL JURISDICTION**

The Magistrate recommends this court retain jurisdiction over the Supplemental State Law Claims. F&R at 19.

### A. Statutory Authority to District Courts

Federal courts have jurisdiction over a limited number of issues and claims all arising out of federal law or statute. "[I]n any action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action . . . that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. 1367 (a). The Supplemental Jurisdiction statute provides litigants an "opportunity . . . to pursue complete relief in federal-court lawsuit." *Arbaugh v. Y&H Corp.*, 126 S. Ct. 1235, 1240 (2006); *United Mine Workers of America v. Gibbs,* 383 U.S. 715 (1966).

Federal courts *shall* have supplemental jurisdiction over state law claims arising out of a "common nucleus of operative facts", or whether the facts underlying the claims "substantially overlap". 28 U.S.C. 1367(a)(emphasis added); *Accord Capital Park Ltd. Dividend Housing Ass'n v. Jackson,* 2006 WL 2992731, at 3 (6th Cir. 2006); *Achtman v. Kirby, McInerney & Squire LLP*, 464 F.3d 328, 335 (2d Cir. 2006).

### B. Subject Matter Jurisdiction

Subject matter jurisdiction defines the parameters of the court's authority to hear a given case. *Carlsbad Tech., Inc v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009); *citing to United States v.*

*Morton,* 467 U.S. 822, 828 (1984).[3] It involves the very power of the court to hear the case and can never be forfeited or waived. *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514 (2006); *citing to, United States v. Cotton*, 535 U.S. 625, 630 (2002). The court notes that "whether a court has subject-matter jurisdiction over a claim is distinct from whether a court chooses to exercise that jurisdiction." *Carlsbad Tech v. HIF Bio* 556 U.S. at 639.

A federal court has subject matter jurisdiction over specified state-law claims which it may choose not to exercise. A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely *discretionary.* 28 U.S.C. 1357(c); *Carlsbad Tech Inc v. HIF Bio,* 556 U.S. at 639, *citing to Osborn v. Haley*, 549 U.S. 225, 245 (2007)(even if only state law claims remain the District Court has discretion to retain jurisdiction); *See also, Arbaugh v. Y & H Corp*, 546 U.S. 500, 514 (2006)(court retains discretion to exercise supplemental jurisdiction over state law claims even after federal issues resolved or dismissed).

C.  *Abuse of Discretion*

If the District Court decides to retain, or not, supplemental jurisdiction following the dismissal of all original jurisdictional claims, that decision can only be reviewed for an abuse of discretion. *Carlsbad Tech. Inc v. HIF Bio Inc*, 556 U.S. at 640; *Chicago v. International College of Surgeons*, 522 U.S. 156, 173 (1997). It is oddly not a lack of subject matter jurisdiction which can remove this case to state court but the discretionary decision *not to exercise* jurisdiction by this court over the state law claims. This court always retains subject matter jurisdiction unless it

---

[3] In an interesting discussion, the court notes "jurisdiction" is a word of many, too many, meanings". *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 90 (1998) which has led to "drive-by jurisdictional rulings" that should be accorded no precedential effect". *Id, Arbaugh v. Y & H Corp*, 546 U.S. 500, 511.

declines to maintain any jurisdiction. 28 U.S.C. 1367(a) and c; *Osborn v. Haley* 549 U.S. at 245; *Arbaugh v. Y & H Corp,* 546 U.S. at 514.

The failure to evaluate the factors of 28 U.S.C. 1367 and the "traditional 'values of judicial economy, convenience, fairness and comity" can be an abuse of discretion in declining supplemental jurisdiction following the dismissal of federal claims. *Kolari v. New York Presbyterian Hosp.*, 455 F.3d 118, 122 (7th Cir. 2006); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

### D. *Basis to Analyze Supplemental Jurisdiction*

The District Court may decline Supplemental Jurisdiction over a claim if (1) it involves a novel or complex issue of State law; (2) it substantially predominates over the claim over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) there are other compelling reasons for declining jurisdiction. 28 U.S.C. 1367(c)(1)-(4). Other factors which must be evaluated include the impact of more litigation on removal or dismissal, whether dismissal or removal are "unfair and a waste of judicial resources", the fairness or prejudice to the parties, access to justice for the parties, convenience to the parties and the court. *Arbaugh v. Y & H Corp,* supra.

### ANALYSIS

The issues remaining are based on the same set of facts and the same defendants. The legal claims are focused on well-established and clearly defined negligence concepts embedded in Oregon law. There is nothing particularly novel or complex about this case.

Many of the cases cited herein reference the duty of the District Court to fairness and to avoid judicial inefficiency and waste. Both parties spent a great deal of money on preparation expenses on this case. In addition, extensive legal briefing has been submitted to this court for

consideration of the ultimate questions in the case pursuant to Fed. R. Civ. P. 56. Bluntly speaking, this court's decision on the pending Rule 56 motion could result in the case being dismissed. But in order to adjudicate the pending motion, the court must maintain jurisdiction. If the court should opt to remand the case to state court, the parties would necessarily have to pay a new filing fee, service expenses, engage in more discovery, and, perhaps go through the same exact motion practice but now several thousands of dollars more and at least two more years of waiting and litigating.

Plaintiff urges this court to maintain jurisdiction simply to bring a more expeditious end to this litigation either through the motion or trial. Plaintiff is entitled to have these issues litigated and has waited for a long time for that opportunity. Plaintiff believes it would be manifestly unfair to both sides to have to start this case from the beginning and incur more expense and time. Witnesses have moved and memories have faded. Remand and re-booting this case serve no good end.

Dated this 2nd day of October 2024.

Respectfully submitted,


/s/Michelle R. Burrows
Michelle R. Burrows OSB86160
Of Attorneys for Plaintiff