UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| OFELIA HERNANDEZ SANTIAGO, *Personal Representative of the Estate of ELIBORIO RODRIGUES JR.*, | Case No. 6:21-cv-01715-MTK |
| Plaintiff, | **OMNIBUS ORDER ON PRETRIAL MOTIONS** |
| vs. | |
| SAMUEL TYKOL, *et al.*, | |
| Defendants. | |

**KASUBHAI,** United States District Judge:

The following order reflects the Court's pretrial rulings on the parties' objections to exhibits, witnesses, deposition designation, motions in limine, verdict forms, and jury instruction as explained on the record in the pretrial conference held on September 2, 2025.

## I.    Exhibits

### A.    Plaintiff's Exhibits

| Ex. No. | Brief Description | Defendant's Objection | Ruling on Objection | Admitted |
|---|---|---|---|---|
| 1 | CAD Report (COE 000001-000004) | Exs. 1 and 2 are both Computer Aided Dispatch Reports documenting the same call for service so one of them is cumulative | Overruled | Admitted |
| 2 | Event Report (COE 000005-000017) | See ex. 1 objection. | Overruled | Admitted |
| 3 | Crime Scene Log (COE 000031-000032) | No objection | n/a | Admitted |
| 4 | Evidence/Property Receipts (COE 000020-000029) | No objection | n/a | Admitted |

| 5 | Video: Tykol's bodycam (COE 002493) | No objection | n/a | Admitted |
|---|---|---|---|---|
| 6 | TASER Report (COE 000106-000110) | No objection | n/a | Admitted |
| 7 | Electronic patient care report by Eugene Fire (COE 002496-002498) | Defendants cannot verify what the exhibit consists of, exhibit 7 is police reports describing a patient care report but no care report | Overruled | Admitted |
| 8 | City of Eugene Use of Force Policy 800 (COE 002098-002104) | Irrelevant, confusion of issues. | Overruled | Admitted |
| 9 | City of Eugene Use of Force Reporting Policy 801 (COE 002105-002109) | Irrelevant, confusion of issues | Sustained | Not Admitted |
| 10 | City of Eugene Oleoresin Capsicum Aerosol Policy 803 (COE 002112-002115) | Irrelevant, confusion of issues | Overruled | Admitted |
| 11 | City of Eugene Taser Use Policy 809 (COE 002120-002125) | Irrelevant, confusion of issues | Overruled | Admitted |
| 12 | City of Eugene Arrest Policy 300 (COE 002087-002088) | Irrelevant, confusion of issues | Overruled | Admitted |
| 13 | City of Eugene Search and Seizure Policy 322 (COE 001870-001880) | Irrelevant, confusion of issues | Overruled | Admitted |
| 14 | City of Eugene Police S.T.O.P.'s Policy 402 (COE 002089-002092) | Irrelevant, confusion of issues | | Exhibit withdrawn by Plaintiff |
| 15 | City of Eugene Police De-escalation Policy 820 (COE 002134-002135) | Irrelevant, confusion of issues | Overruled | Admitted |
| 16 | City of Eugene Foot Pursuit Policy 458 (COE 002093-002097) | Irrelevant, confusion of issues | Overruled | Admitted |
| 17 | City of Eugene Handcuffing Policy 808 (COE 002116-002119) | Irrelevant, confusion of issues | Overruled | Admitted |
| 18 | City of Eugene Use of Deadly Force Investigations Policy 810 (COE 002126-002133) | Irrelevant, confusion of issues | Sustained | Not Admitted |
| 19 | City of Eugene Body-Worn Camera Policy 1203 (COE 002142-002148) | Irrelevant, confusion of issues | Overruled | Admitted |

| 20 | City of Eugene Photograph: Roberts's uniform (COE 000831) | Relevance. | Sustained | Not Admitted |
|---|---|---|---|---|
| 21a | City of Eugene Photographs: Tykol's uniform (COE 000381) | No objection | n/a | Admitted |
| 21b | City of Eugene Photographs: Tykol's uniform (COE 000389) | No objection | n/a | Admitted |
| 21c | City of Eugene Photographs: Tykol's side uniform (COE 000396) | No objection | n/a | Admitted |
| 21d | City of Eugene Photographs: Tykol's uniform (COE 000675) | No objection | n/a | Admitted |
| 21e | City of Eugene Photographs: Tykol's uniform (COE (000709) | Relevance | Overruled | Admitted |
| 22 | City of Eugene Photograph: Tykol's hand (COE 000382) | No objection | n/a | Admitted |
| 23 | City of Eugene Photograph: Tykol's face (COE 000437) | No objection | n/a | Admitted |
| 24 | City of Eugene Photographs: Tykol's side (COE 000452, 000453) | No objection | n/a | Admitted |
| 25a | City of Eugene Photographs: TASER on ground (COE 000465) | Cumulative | Overruled | Admitted |
| 25b | City of Eugene Photographs: TASER on ground (COE 000466) | No objection | n/a | Admitted |
| 25c | City of Eugene Photographs: TASER on ground (COE 000476) | Cumulative | Overruled | Admitted |
| 26 | City of Eugene Photographs: Bag and flashlight (COE 000614, 000620, 000624) | No objection | n/a | Admitted |
| 27 | City of Eugene Photograph: OC Spray canister (COE 000708) | No objection | n/a | Admitted |
| 28 | City of Eugene Photograph: Rodrigues's property at time of death (COE 000729) | No objection | n/a | Admitted |

| 29 | City of Eugene Photograph: Rodrigues's car full of cans (COE 000880) | No objection | n/a | Admitted |
|----|----|----|----|----|
| 30 | City of Eugene Photograph: TASER probe (COE 000734, 000736) | No objection | n/a | Admitted |
| 31 | Use of Deadly Force Review Board Presentation: Selected Pages (COE 001942, 001944, 001945, 001973, 001979, 001967) | Relevance, confusion of issues, completeness | | Exhibit withdrawn by Plaintiff and substituted with COE 0019137 and 0019138 without objection from Defendant. |
| 32 | EMC 4.907 – Interfering with Police Officer | Incorrect versions of laws. Should be in jury instructions not exhibits. | Sustained | Not admitted as an exhibit but may be included in jury instructions as appropriate. |
| 33 | EMC 4.910 – Resisting Arrest | Incorrect versions of laws. Should be in jury instructions not exhibits. | Sustained | Not admitted as an exhibit but may be included in jury instructions as appropriate. |
| 34 | EMC 5.425 – Crossing street at right angles | Incorrect versions of laws. Should be in jury instructions not exhibits. | Sustained | Not admitted as an exhibit but may be included in jury instructions as appropriate. |

|  |  |  |  | The parties are ordered to confer regarding the inclusion of EMC 5.425 in jury instructions. |
|---|---|---|---|---|
| 35 | City of Eugene Photograph: Rodrigues's ID (COE 001238) | Relevance | Overruled | Admitted |
| 36 | Video: Jentzsch's bodycam (COE 002493) | No Objection | n/a | Admitted |
| 37 | Video: Jeremy Sullivan's bodycam (COE 002493) | No objection | n/a | Admitted |
| 38 | Video: Ring video showing Rodrigues walking on Acacia (COE 002493) | No objection | n/a | Admitted |
| 39 | Reserved: Video: Dash Cam | Unclear what the exhibit is. |  | Exhibit withdrawn by Plaintiff |
| 40 | Autopsy Report | Not produced in discovery, impermissible redaction, foundation. |  | Ruling reserved, subject to adequate foundation at trial |
| 41 | Earnings Records: Social Security Statement (Santiago 00043-00048) | Foundation, confusion of issues |  | Ruling reserved and the parties are ordered to confer regarding alternative ways to admit the information in this exhibit. |
| 42 | Earnings Records: U-Haul (UHAUL SDT Response 000067-000107) | Foundation, confusion of issues |  | Ruling reserved and the parties are ordered to |

| Ex. No. | Brief Description | Objection | Ruling | Admitted |
|---|---|---|---|---|
| | | | | confer regarding alternative ways to admit the information in this exhibit. |
| 43 | Earnings Records: Notably Well-Dressed Home (Santiago 00050-00051) | Foundation, confusion of issues | | Ruling reserved and the parties are ordered to confer regarding alternative ways to admit the information in this exhibit. |
| 44 | Rodrigues Family Photographs | No objection | n/a | Admitted |
| 45 | Funeral Expenses | Not produced in discovery, foundation | Reserved | Ruling reserved and the parties are ordered to confer and discuss alternative ways to admit the information in this exhibit. |

**B.    Defendant's Exhibits**

| Ex. No. | Brief Description | Plaintiff's Objection | Ruling on Objection | Admitted |
|---|---|---|---|---|
| 201 | Security Footage from Acacia Avenue (Evans Ex. 1) | No objection | n/a | Admitted |
| 202 | Samuel Tykol Body Worn Camera Video | No objection | n/a | Admitted |

| 203 | Overhead Photograph with Markings (Tykol Depo. Ex. 7) | No objection | n/a | Admitted |
|---|---|---|---|---|
| 204 | Radio Traffic (Stetson Ex. 1) | No objection | n/a | Admitted |
| 205 | Computer Aided Dispatch Report (COE 001416-001422) | No objection | n/a | Admitted |
| 206 | Justin Russell In-Car Video (Evans Ex. 2) | No objection | n/a | Admitted |
| 207 | Christopher Jentzsch Body Worn Camera Video (Evans Ex. 3) | No objection | n/a | Admitted |
| 208 | EPD Photograph COE 000306 | No objection | n/a | Admitted |
| 209 | EPD Photograph COE 000347 | Relevance. Unduly prejudicial. | Overruled | Admitted |
| 210 | EPD Photograph COE 000381 | No objection | n/a | Admitted |
| 211 | EPD Photograph COE 000383 | No objection | n/a | Admitted |
| 212 | EPD Photograph COE 000418 | No objection | n/a | Admitted |
| 213 | EPD Photograph COE 000422 | No objection | n/a | Admitted |
| 214 | EPD Photograph COE 000428 | No objection | n/a | Admitted |
| 215 | EPD Photograph COE 000432 | No objection | n/a | Admitted |
| 216 | EPD Photograph COE 000436 | No objection | n/a | Admitted |
| 217 | EPD Photograph COE 000437 | No objection | n/a | Admitted |
| 218 | EPD Photograph COE 000445 | No objection | n/a | Admitted |
| 219 | EPD Photograph COE 000453 | No objection | n/a | Admitted |
| 220 | LCSO Photograph COE 000460 | No objection | n/a | Admitted |
| 221 | LCSO Photograph COE 000462 | No objection | n/a | Admitted |
| 222 | LCSO Photograph COE 000525 | No objection | n/a | Admitted |
| 223 | LCSO Photograph COE 000541 | No objection | n/a | Admitted |

| 224 | LCSO Photograph COE 000588 | No objection | n/a | Admitted |
|---|---|---|---|---|
| 225 | LCSO Photograph COE 000613 | No objection | n/a | Admitted |
| 226 | LCSO Photograph COE 000614 | No objection | n/a | Admitted |
| 227 | LCSO Photograph COE 000620 | No objection | n/a | Admitted |
| 228 | LCSO Photograph COE 000622 | No objection | n/a | Admitted |
| 229 | LCSO Photograph COE 000623 | No objection | n/a | Admitted |
| 230 | LCSO Photograph COE 000626 | No objection | n/a | Admitted |
| 231 | LCSO Photograph COE 000628 | No objection | n/a | Admitted |
| 232 | LCSO Photograph COE 000658 | No objection | n/a | Admitted |
| 233 | LCSO Photograph COE 000671 | No objection | n/a | Admitted |
| 234 | LCSO Photograph COE 000673 | No objection | n/a | Admitted |
| 235 | LCSO Photograph COE 000676 | No objection | n/a | Admitted |
| 236 | LCSO Photograph COE 000678 | No objection | n/a | Admitted |
| 237 | LCSO Photograph COE 000679 | No objection | n/a | Admitted |
| 238 | LCSO Photograph COE 000680 | No objection | n/a | Admitted |
| 239 | LCSO Photograph COE 000681 | No objection | n/a | Admitted |
| 240 | LCSO Photograph COE 000682 | No objection | n/a | Admitted |
| 241 | LCSO Photograph COE 000698 | No objection | n/a | Admitted |
| 242 | LCSO Photograph COE 000703 | No objection | n/a | Admitted |
| 243 | LCSO Photograph COE 000736 | No objection | n/a | Admitted |
| 244 | LCSO Photograph COE 000855 | Pictures from morgue showing a syringe. Irrelevant impeachment evidence of a deceased party. FRE 403, 404, 608 | Sustained | Not Admitted |

| 245 | OSP Photograph COE 000858 | Same as Plaintiff's objections to Ex. No. 244. | Sustained | Not Admitted |
|---|---|---|---|---|
| 246 | OSP Photograph COE 000859 | No objection | n/a | Admitted |
| 247 | IDFIT Statement COE 000121-000161 | Hearsay. | | Ruling reserved |
| 248 | Training Records COE 002056-002057 | No objection | n/a | Admitted |
| 249 | Firearm Qualification COE 002272-002277 | No objection | n/a | Admitted |
| 250 | Dr. Davis Reports Santiago 00001-00003, 00035-00042 | Toxicology Report: Hearsay. Relevance. Character evidence. Unduly prejudicial.<br><br>Ms. Cadiente's Investigative Narrative Report: Hearsay and double hearsay.<br><br>403 and 404. | | Ruling reserved |
| 251 | DC Adams Report COE 002217-002228 | Hearsay, contains ultimate findings of fact for the jury. Chief Skinner is going to testify and can use the report to refresh his recollection. | | Ruling reserved |
| | | | | |

## II.    Witnesses

### A.    Plaintiff's Witnesses

| | Name | Testimony | Defendant's Objection | Ruling |
|---|---|---|---|---|
| 4 | Ms. Shoua Yang | Rodregues's "family structure, difficulties they have experienced, and Mr. Rodrigues's previous arrest and its emotional impact." | This portion of her testimony is so vague as to make it impossible to know whether any of the testimony elicited would amount to hearsay or otherwise be objectionable. Testimony about a previous arrest and its emotional impact likewise appears irrelevant. Testimony regarding UO Officer Phillips' arrest of Mr. Rodrigues should be excluded | Overruled, with leave to raise individual objections at trial. |

| | | | for the reasons stated in Defendants' Second Motion in Limine. | |
|---|---|---|---|---|
| 13 | Officer J. Russell | Plaintiff intends to call Officer Russell as a "defense tactics instructor who will testify about how he teaches defense tactics and de-escalation to EPD officers." | In Testimony as a defensive tactics instructor makes him an expert. He was not disclosed as one. | Overruled with respect to percipient witness testimony. |
| 14 | Sergeant J. Sullivan | Lt. Jeremy Sullivan will testify about, "his understanding of the bodycam policy with EPD." | Testimony about body camera policy irrelevant. | Overruled |
| 17 | Ms. Janice Gaines | Gaines will testify "She has had contact with the family and is aware of the difficulties they have experienced since Mr. Rodrigues died." | Vague description of testimony. | Overruled, with leave to raise individual objections at trial. |
| 18 | Mr. Joshoua Rodrigues | Joshoua Rodrigues will testify in part "about his real-life experience as a brown-skinned young man and what he knows about how his family is treated by the police and community. He will testify about a meeting with the District Attorney and the Chief of Police and what was said about his | Defendants object because his lay opinion about how his family is treated is inadmissible. Defendants also object for the reasons listed in their motion in limine about racial discrimination. Defendants object that testimony about his meeting with the District Attorney or Chief of Police amounts to hearsay. Moreover, it is irrelevant to what Officer Tykol knew at the time he was encountering Mr. Rodrigues and whether those actions amounted to negligent omissions. | Sustained, except as to specific observations of Mr. Rodrigues's conduct or behavior. |

| | | | | |
|---|---|---|---|---|
| | | father and reported about the blame EPD was placing." | Lay opinion, hearsay, relevance. | |
| 19 | Ms. Ofelia Hernandez Santiago | Ms. Ofelia Hernandez Santiago will testify in part about "Mr. Rodrigues's various jobs and his struggles in the community." | This description is so vague as to make it impossible to know what the witness will say, whether it is based on hearsay, or whether any other evidentiary objection may apply. | Overruled, with leave to make individual objections at trial. |
| | | Plaintiff also intends to call this witness to "testify about the attitude of the EPD toward Hispanic individuals including the Rodrigues family." | This testimony is irrelevant and would only confuse the jury. This testimony does not appear to relate to Officer Tykol and at best would result in unfair prejudice, confusing the issues, misleading the jury. It also appears to simply be lay opinion testimony outside of Fed. R. Evid. 701. | Sustained, with leave to revisit based on testimony at trial if the door is opened. |
| | | Plaintiff intends to have her "testify about the impact of this shooting on the family and how the community rallied around to support them after the shooting." | This description is so vague as to make it impossible to know what the witness will say, whether it is based on hearsay, or whether any other evidentiary objection may apply. | Overruled |
| 21 | Mr. Former Eugene City Auditor Mark Gissiner | Plaintiff intends to call this witness to talk about their role in the Interagency Deadly Force Review, the charging decision for Officer Tykol and later the City's internal Deadly Force Review Board. | Impermissible legal conclusions, relevance, hearsay, confusion of issues. If this evidence is going to be allowed, defendants will add as additional witnesses the Deputy Chief and other members of the board that found no policy violations and the shooting justified. | Sustained, with leave to revisit based on testimony at trial if the door is opened. |

| | Witness | Testimony | Plaintiff's Objection | Ruling |
|---|---|---|---|---|
| | | Plaintiff intends to have them offer opinions about a number of policy violations that were investigated and, ultimately, determined to be within policy. | | |
| 22 | Ms. District Attorney Patty Perlow | | *See* objection to Gissner. | Sustained, with leave to revisit based on testimony at trial if the door is opened. |
| 23 | Chief Chris Skinner | | *See* objection to Gissner. | Sustained, with leave to revisit based on testimony at trial if the door is opened. |

### B.    Defendants' Witnesses

| | Witness | Testimony | Plaintiff's Objection | Ruling |
|---|---|---|---|---|
| | General Objections to 19 separate officers testifying about their investigation of the shooting: Many of the officers are listed as Plaintiff's witnesses but some have a somewhat vague statement of their proposed testimony. Two of the witness summaries reference depositions that did not occur. Plaintiff objects to the redundant and repetitive testimony of any officer and objects to testimony which is outside the knowledge of a particular witness. | | | Overruled, with leave to make individual objections at trial. |
| 1 | Eugene Police Sergeant Samuel Tykol | He will testify about his actions and observations, training, the basis for the stop and the actions he took, belief that Mr. Rodrigues was attempting to seriously harm him. He will explain the recording from his body worn camera and its operation and attachment. He will explain the | Officer Tykol should not be permitted to testify about any comments made at the Pre-Trial Conference or in legal submissions on the use of force or any legal analysis. | Sustained. |

| | | Police Radio Dispatch. | | |
|---|---|---|---|---|
| | | That Officer Tykol "suffered from headaches for a prolonged period of time from Mr. Rodrigues striking Officer Tykol's head against the pavement." | Limitations on testimony about head slamming and head injuries for the lack of any testimony or discovery from defendants. | Conditionally overruled upon release of Officer Tykol's medical records as ordered in ECF No. 120. |
| 3 | Eugene Police Officer Christopher Jentzsch | Officer Jentzsch was a police officer employed by the City of Eugene Police Department and was one of the officers who responded to the scene on November 30, 2019. He will testify about his actions and observations. | This witness was never made available for deposition despite numerous requests from Plaintiff. | Conditionally overruled, upon Officer Jentzsch being made available for a two-hour deposition by Plaintiff by October 24, 2025. |
| 5 | Eugene Police Officer Andrew Roberts | Officer Roberts is a police officer employed by the City of Eugene Police Department and was one of the officers who responded to the scene on November 30, 2019. Officer Roberts will testify about his actions and observations. | Because Officer Roberts's testimony is redundant with Officers Saylo, Jentszch and Russell. | Overruled with leave to renew objection at trial based on the extent of redundancy. |
| 6 | Eugene Police Officer Colin Shafer | Officer Shafer is a police officer employed by the City of Eugene Police Department and was one of the officers who | Because his testimony is redundant with Officers Russell, Saylo, and Drumm. | Overruled with leave to renew objection at trial based on the extent of redundancy. |

| | | responded to the scene on November 30, 2019. Officer Shafer will testify about his actions and observations. | | |
|---|---|---|---|---|
| 7 | Eugene Police Lieutenant Samuel Stotts | Lieutenant Sullivan is a police officer employed by the City of Eugene Police Department and was one of the officers who responded to the scene on November 30, 2019. Lieutenant Sullivan will testify about his actions and observations. | Stotts testimony is repetitive with the IDFIT lead investigator Haywood. | Overruled with leave to renew objection at trial based on the extent of redundancy. |
| 10 | Deputy Chad Rogers | Deputy Rogers is a deputy employed by the Lane County Sheriff's Office and was one of the officers who responded to the scene on November 30, 2019, as part of the Interagency Deadly Force Investigation Team ("IDFIT"). Deputy Rogers will testify about his actions and observations. He will testify about what he observed and had photographs taken of, including Exhibits 220-243. | Plaintiff has no objections to the testimony about factual investigative steps, evidence collection and location, photographs and his observations at the crime scene. Plaintiff's only objection is that any officers who testify should not be cumulative. | Overruled with leave to renew objection at trial based on the extent of redundancy. |

| 11 | Detective Cale Day | Detective Day was an IDFIT investigator who interviewed Officer Drumm, Shoua Yang, and Investigator Pam Cadiente. | The percipient witnesses and their testimony should and could be produced firsthand, not as hearsay from Detective Day. If the witnesses need to be impeached, then Detective Day might be relevant. | Overruled |
|---|---|---|---|---|
| 12 | Detective Sabrina Whittaker | Detective Whittaker observed Detective Day and Sprague interview Shoua Yang on the night of the shooting. Detective Whittaker also searched Mr. Rodrigues's body at the morgue for keys to their vehicle. | Detective Whittaker is redundant to testimony of other detectives and should not be allowed to testify to what Shoua Yang told officers because it is hearsay. | Overruled |
| 13 | Lane County Detective Steve Simons | Detective Simons was the primary detective from the IDFIT team to investigate the shooting of Mr. Rodrigues. The page numbers referenced by defendants in their witness summary are generally Det. Simons's investigative steps he was involved in, including observations of Officer Tykol and seizure of Officer Tykol's weapons and other items from Officer Tykol. Detective Simons reviewed reports from a | Objections as to any redundant or hearsay testimony. | Overruled |

| | | | | |
|---|---|---|---|---|
| | | neighborhood canvas, observed the limited Bodycam footage, and attended Mr. Rodrigues's autopsy. | | |
| 14 | Detective Greg Jones | As a Lane County deputy assigned to IDFIT he was assigned to interview "first responding officers" Russell, Saylo and Rogers. | Any statement by Detective Jones from interviews with Russell, Saylo and Rogers is hearsay. | Overruled |
| 16 | Dr. Daniel Davis | Dr. Davis is a medical examiner who examined Mr. Eliborio Rodrigues' body and conducted the autopsy. He will testify about his forenscic findings from the autopsy report. | Objections only as to toxicology results from Mr. Rodrigues, see motions in limine. | Ruling reserved until the November 7, 2025, evidentiary hearing. |
| 17 | Eugene Police Lieutenant Owen Griffith | Lt. Griffith is identified as a replacement "non retained" expert being substituted for Detective Underwood who was a disclosed expert.<br><br>Lieutenant Griffith will testify that Sergeant Tykol's interaction with Mr. Eliborio Rodrigues was consistent with the training offered by the Eugene Police Department | Lt. Griffith is a "replacement" expert who was not adequately noticed in violation of Fed. R. Civ. P. 26. | Conditionally overruled, upon Plaintiff's opportunity to depose Lieutenant Griffith. |

| | | | | |
|---|---|---|---|---|
| | | on those topics and with generally accepted police practices; that the training offered by the EPD on field contacts and de-escalation is consistent with state and national police practices. | | |
| 22 | Eugene Police Deputy Chief Shawn Adams | Deputy Chief Adams chaired the Use of Force Review Board to review the incident to determine whether or not Sergeant Tykol's actions during this incident were within Department policy. He will testify that Sergeant Tykol's interaction with Mr. Rodrigues was consistent with those policies, consistent with the training offered by the Eugene Police Department, consistent with generally accepted police practices, and consistent with his memorandum. He will explain why the Auditor's recommendation made factual and legal mistakes that undercut that recommendation. | Plaintiff objects to the totality of the proposed testimony by this witness. Testimony about ultimate facts on the proper use of force and challenging the credibility of the City Auditor is improper. | Sustained, with leave to seek testimony if Plaintiff "opens the door." |

| 23 | Ms. Priscilla De Leon-Cuff (*née* Tilgner) | Ms. De Leon-Cuff is an Oregon Department of Human Services employee who interacted with Mr. Eliborio Rodrigues in 2018 and observed his interactions with his minor children. | The topic of the testimony of these witnesses is part of a Plaintiff's Motion in Limine 3. | Sustained, with leave to seek testimony if Plaintiff "opens the door." |
|---|---|---|---|---|
| 24 | Ms. Jeanne Safford | *See* De Leon-Cuff (*née* Tilgner) | The topic of the testimony of these witnesses is part of a Plaintiff's Motion in Limine 3. | Sustained, with leave to seek testimony if Plaintiff "opens the door." |
| 25 | Ms. Megan Kulig | De Leon-Cuff (*née* Tilgner) | The topic of the testimony of these witnesses is part of a Plaintiff's Motion in Limine 3. | Sustained, with leave to seek testimony if Plaintiff "opens the door." |
| 26 | Ms. Mykael Burford | De Leon-Cuff (*née* Tilgner) | The topic of the testimony of these witnesses is part of a Plaintiff's Motion in Limine 3. | Sustained, with leave to seek testimony if Plaintiff "opens the door." |
| 27 | Ms. Pamela Aguirre | De Leon-Cuff (*née* Tilgner) | The topic of the testimony of these witnesses is part of a Plaintiff's Motion in Limine 3. | Sustained, with leave to seek testimony if Plaintiff "opens the door." |
| 28 | Ms. Nicole Sims | De Leon-Cuff (*née* Tilgner) | The topic of the testimony of these witnesses is part of a Plaintiff's Motion in Limine 3. | Sustained, with leave to seek testimony if Plaintiff "opens the door." |
| 29 | Ms. Kimberli Glover | De Leon-Cuff (*née* Tilgner) | The topic of the testimony of these witnesses is part of a Plaintiff's Motion in Limine 3. | Sustained, with leave to seek testimony if Plaintiff "opens the door." |
| 30 | Springfield Police | Springfield Police Officer Gold interacted with Mr. Rodrigues on April | These officers are testifying about old criminal activities of the decedent, some as old as 15 years. These matters are | Sustained, with leave to seek testimony if |

| | | | | |
|---|---|---|---|---|
| | Officer Catlin Gold | 18, 2019, when she was dispatched to a report of criminal trespass at a DHS office. | not permitted under FRE 402, 403, 608 | Plaintiff "opens the door." |
| S31 | Springfield Police Sergeant Terry Murray | Springfield Police Sergeant Murray interacted with Mr. Rodrigues in September 2018 when he was dispatched to a report of an infant death. | *See* objections to Officer Catlin Gold | Sustained, with leave to seek testimony if Plaintiff "opens the door." |
| 32 | Springfield Police Officer Eric Pardee | Springfield Police Officer Pardee interacted with Mr. Rodrigues on October 22, 2015, when he was dispatched to a report of theft at the Jerry's Store in Springfield, Oregon. | *See* objections to Officer Catlin Gold | Sustained, with leave to seek testimony if Plaintiff "opens the door." |
| 33 | Springfield Police Officer James Johnson | Springfield Police Officer Johnson interacted with Mr. Rodrigues on January 1, 2015, when he was dispatched to a report of an assault at a hotel in Springfield, Oregon. the hotel. | *See* objections to Officer Catlin Gold | Sustained, with leave to seek testimony if Plaintiff "opens the door." |

## III. Deposition Designations

Plaintiff and Defendant have both withdrawn their objections to deposition designations.

## IV.    Motions in Limine

### A.    Plaintiff's Motions in Limine (ECF No. 95)

| Motion | Summary of Motion | Ruling |
|---|---|---|
| 1 – Decedent's criminal history | The witness will not be testifying. FRE 608 and 609, prohibition against propensity evidence 403, 404(b)(1) | Ruling reserved |
| 2 – Prior Bad Acts of Decedent | Intended to impugn Rodrigues character not relevant. FRE 403, 404(a)(1) | Ruling reserved |
| 3 – DHS Investigation | Defendants should be precluded from introducing any evidence of any DHS child protective service dependency proceedings, observations by social workers, any claims of neglect or any action against either Mr. Rodrigues or his partner concerning the living conditions and treatment of the children. This is all privileged information not authorized to be released ORS 409.225, 419A.225. 419B.035(7) | Granted as to any records. Ruling reserved as to witness testimony. |
| 4 – Toxicology Tests, evidence of drug use and any testimony about it | Officer Tykol's testimony was that he did not believe or find Mr. Rodrigues to be under the influence of alcohol or even methamphetamine. This information is not relevant, highly prejudicial. FRE 401, 402 | Ruling reserved pending November 7, 2025, evidentiary hearing. |
| 5 – Justification Defense is inapplicable in civil cases | Justification only applies to potential criminal liability by the officer and does not extend to civil liability. It is beyond the federal court's jurisdiction to determine whether a common law defense would apply to intentional state tort. *Hayes v. City of Portland* 2020 U.S. Dist LEXIS 41337, 32-27, ORS.205, ORS161.209 and 161.219(3) | Denied |
| 6 – Mitigation of Damages by Decedent or his Heirs | Mr. Rodrigues's Estate has been damaged by the loss of Mr. Rodrigues's earnings, and the children lost their father. Defense theory that decedent or heirs should have mitigated is not supported by any legal authority and appears to be an impossibility | Denied |
| 7 – Serious Felonious Conduct Officer | No legal basis, the facts should be determined by a jury first including whether decedent was engaged in qualifying conduct and whether Tykols force was lawful. ORS 31.180, Diamond v. City of Sandy, 2025 WL 871332. | Denied |
| 8 – Appropriate use of force | These are ultimate facts for the jury. No witness has been properly designated as a so-called use of force expert and this is no longer a use of force case. | Ruling reserved |

/ / /

/ / /

### B.    Defendants' Motions in Limine (ECF No. 98)

| Motion | Objection | Ruling |
|---|---|---|
| 1 – Testimony and evidence about other police actions | Any acts relating to law enforcement, including ICE, in other events in the Unites States are irrelevant to the allegations of pre-shooting negligence in this case. | Granted |
| 2 – Testimony and evidence about Troy Phillips | Exclude Testimony and Evidence about former UOPD officer Troy Phillips as irrelevant. Sergeant Tykol was not present during the stop by Troy Phillips. He has no knowledge and no involvement in that matter. Likewise, he did not know who Mr. Rodrigues was when he stopped him on Acacia Street a year later. | Denied |
| 3 – Christopher Drumm's separation from employment | Christopher Drumm was a Eugene Police Employee who initially responded to the scene of the shooting and provided first aid care to Mr. Rodrigues. "Many months" later, allegations were made that he had sexual relations while on duty. Mr. Drumm resigned in June 2020, was prosecuted, and pled guilty to official misconduct. Mr. Drumm's conduct is not relevant and would be highly inflammatory. | Granted |
| 4 – Non-beneficiaries' loss of society, companionship, and services | Shoua Yang (mother of Mr. Rodrigues's children) or Ofelia Santiago (personal representative of the state and family friend) are not statutory beneficiaries and their own loss of love, society and companionship of Decedent or as to the pain they have suffered as a result of his death should be excluded. | Granted |
| 5 – Internal Affairs investigation and outcome | The standard for finding a policy violation is different than the instructions the jury will receive on plaintiff's claims. The limited relevance of the Internal Affairs investigation and its outcome is outweighed by the danger of confusion of the issues. FRE 403. | Conditionally granted if Defendant does not "open the door." |
| 6 – Other Complaints | Unrelated civil rights cases or complaints against defendants are irrelevant or will cause confusion of issues and impermissible character evidence under Rule 404(b). | Granted |
| 7 – Racial Discrimination | Plaintiff has never brought a fourteenth amendment claim, alleging racial discrimination, or any state law equivalent. Any testimony or evidence by plaintiff of racial or ethnic discrimination should be excluded because it is irrelevant to the pre-shooting negligence claim, will cause confusion, and is inflammatory. | Granted |
| 8 – Legal Conclusions | Testimony and Evidence from any witness about legal conclusions such as whether Tykol acted negligently, should be excluded. *United States v. Diaz*, 876 F.3d 1194, 1197 (9th Cir. 2017). | Granted |

## V.     Jury Instructions

The court reserves ruling on jury instructions.

## VI.     Verdict Form

The court reserves ruling on the verdict form.

## VII.     Neutral Statement of the Case

The Court ADOPTS the parties' Amended Proposed Joint Neutral Statement of the case

ECF No. 88:

> Plaintiff Ofelia Hernandez Santiago, as the Personal Representative for the Estate of Eliborio Rodrigues Jr, deceased, brought a lawsuit against Eugene Police Officer Samuel Tykol and the City of Eugene. Mr. Rodrigues was stopped by Officer Tykol at approximately 12:30 a.m. on November 30, 2019, on Acacia Ave. in Eugene Oregon. Some of the encounter was captured on video, but later parts are not. After a physical altercation between the parties Officer Tykol shot Mr. Rodrigues three times thereby killing him. This case is about whether the initial investigation of Mr. Rodrigues was negligent and consequently did Officer Tykol wrongfully cause Mr. Rodrigues' death. This case is also about whether Mr. Rodrigues was negligent or committed certain crimes.

DATED this 3rd day of November 2025.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (he/him)
United States District Judge
